352 PEOPLE ex rel. UNION PAC. TEA CO. *v.* ROBERTS.

Third Department, December Term, 1894.          [Vol. 82.

*Judgment reversed, new trial granted, costs to abide the event.*

---

The People of the State of New York ex rel. The Union Pacific Tea Company, Relator, *v.* James A. Roberts, as Comptroller of the State of New York, Respondent.

*Corporation — liable to taxation under chapter 542 of the Laws of 1880 — decision of the Comptroller as to its capital stock.*

A corporation, neither a manufacturing corporation nor one wholly engaged in carrying on manufacture within the State of New York, is liable to taxation under the provisions of chapter 542 of the Laws of 1880, and the acts amendatory thereof.

The determination of the Comptroller of the State of New York, as to the amount of capital stock employed by a corporation within the State of New York, should not be overruled unless, on a motion for revision, it is clearly shown to be wrong.

Certiorari issued out of the Supreme Court and attested on the 27th day of June, 1894, directed to James A. Roberts, Comptroller of the State of New York, commanding him to return to the office of the clerk of the county of Albany all the proceedings had, and testimony taken before him, in relation to the tax imposed upon the relator under chapter 542 of the Laws of 1880.

*Charles H. Luscomb,* for the relator.

*Theodore E. Hancock, Attorney-General,* and *John W. Hogan, Deputy Attorney-General,* for the respondent.

PER CURIAM:

We think that relator cannot be deemed either a manufacturing corporation or one wholly engaged in carrying on manufacture within this State, and, hence, that it was liable to taxation under the provisions of chapter 542 of the Laws of 1880, and acts amendatory thereof.

The determination of the Comptroller, as to the amount of capital stock employed by relator in this State, should not be overruled unless on the motion for revision it was clearly shown to be wrong. (*People ex rel. A. C. & D. Co.* v. *Wemple,* 129 N. Y. 558, 565, 566.)

After a careful examination of the proofs presented, on the motion for a revision, we are unable to say that the reduction of the valuation of relator's property within the State then made was not all it was entitled to. We think the estimate then made of the value of relator's property in this State was not shown to be erroneous.

An opinion does not seem to be called for in the case.

The determination of the Comptroller should be affirmed, with costs.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Writ of certiorari quashed, decision of Comptroller affirmed, with fifty dollars and disbursements.

