THE PEOPLE ex rel. THE AMERICAN CONTRACTING AND DREDGING COMPANY, Appellant. *v.* EDWARD WEMPLE, Comptroller, etc., Respondent.

Upon application of the relator, a domestic corporation, to the state comptroller, for a revision and readjustment of the account of taxes settled against it pursuant to the act providing for taxing certain corporations (Chap. 542, Laws of 1880, as amended by chap. 361, Laws of 1881; chap. 151, Laws of 1882, and chaps. 359 and 501, Laws of 1885), it appeared by the relator's certificate of incorporation that it was incorporated for the purpose of carrying on some part of its business out of the state, but that its operations were to be conducted and carried on and its principal place of business was to be in the state. During three years, for which taxes were imposed, it was engaged in business out of the state, but it had its office in the state and kept its bank accounts here. It made annual reports to the comptroller, by which it appeared that dividends were declared and paid upon its capital during those years, and the comptroller based his adjustment of the account of taxes upon the amount of capital employed in this state, which he determined from the average monthly balances in the New York banks, and the expenditures for the maintenance of its office here. *Held,* that there was sufficient evidence upon which the comptroller could act in finding a basis for assessment; and that the tax was properly imposed.

The qualifying words, "and doing business in this state," in the provision of said act (§ 3), subjecting to the tax prescribed, every corporation not excepted from its operation, which is "incorporated or organized by or under any law of this state, or * * * under the laws of any other state or country, *and doing business in this state,*" have reference only to foreign corporations. As to corporations organized under the laws of this state, the legislative power to tax their business and franchises is general; but as to foreign corporations, the jurisdiction is gained from the business which they do in this state, and the tax is upon that business.

The tax imposed by said act is not upon the property of the corporations, but upon their franchises and business; and as to domestic corporations, is in no sense restricted to such as do business in this state.

Where a corporation is subject to taxation under said act, the determination of the comptroller as to the assessment and taxation, unless clearly shown to be erroneous, will not be disturbed.

Reported below, 60 Hun, 225.

(Argued December 14, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order

made May 5, 1891, which confirmed a decision of the comptroller of the state denying the application of the relator for a revision and readjustment of accounts for taxes against it.

The facts, so far as material, are stated in the opinion.

*Adrian H. Joline* for appellant.   This court has power to review the action of the General Term by which the proceedings of the comptroller were confirmed.    (Laws of 1889, chap. 463, § 20 ; Code Civ. Pro. § 190.)   The accounts as settled by the comptroller in the case of the relator were erroneous and illegal, because during the years 1887, 1888 and 1889 the relator was not doing business in this state, within the meaning of the statute.   (Laws of 1880, chap. 542, § 3 ; Laws of 1881, chap. 361; Laws of 1885, chap. 359 ; Laws of 1889, chaps. 193, 353 ; *People* v. *H. S. M. Co.*, 105 N. Y. 76 ; *People* v. *E. T. Co.*, 96 id. 387 ; *In re A. & C. R. R. Co.*, 9 Blatchf. 390 ; *S. C. O. Co.* v. *Wemple*, 44 Fed. Rep. 24 ; *People ex rel.* v. *Comrs.*, 59 N. Y. 40 ; Laws of 1882, chap. 151 ; Laws of 1886, chap. 143 ; *People* v. *A. B. T. Co.*, 117 N. Y. 241.)   The accounts for taxes as settled by the comptroller were erroneous and illegal, because, as the relator employed no part of its capital stock in this state, there was no basis for a tax.   (Laws of 1880, chap. 542, § 11 ; Laws of 1882, chap. 151 ; Laws of 1885, chap. 501 ; *People* v. *H. S. M. Co.*, 105 N. Y. 76 ; *In re A. & C. R. R. Co.*, 9 Blatchf. 390 ; *People* v. *Comrs., etc.*, 59 N. Y. 40 ; *People ex rel.* v. *Coleman*, 126 id. 433 ; 1 Morawetz on Corp. § 435 ; *Williams* v. *W. U. T. Co.*, 93 N. Y. 102 ; *People ex rel.* v. *A. B. T. Co.*, 117 id. 241, 256 ; *Gordon* v. *Mayor, etc.*, 5 Gill. 231 ; *State of Missouri* v. *H. & St. J. R. R. Co.*, 37 Mo. 265.)   The proceedings of the relator were regular in all respects.   (*People ex rel.* v. *Wemple*, 15 N. Y. Supp. 711 ; *People ex rel.* v. *Wemple,* Id. 718 ; *People ex rel.* v. *Wemple*, Id. 446.)

*Charles F. Tabor, Attorney-General,* for respondent.   The writ of certiorari herein should be quashed, because application for it was not made within thirty days after service upon

the relator by the comptroller of notice of settlement of the taxes in question; and because the papers upon which the motion for the writ was made and notice of the motion were not served upon the comptroller as required by section 17 of chapter 361 of the Laws of 1881, as amended by chapter 501 of the Laws of 1885. (*State* v. *County of Kings*, 125 N. Y. 323.) A writ of certiorari should not have been issued in this case, because the determination of the comptroller sought to be reviewed could be adequately reviewed by an appeal to a board consisting of the secretary of state, attorney-general and state treasurer, as provided in section 1 of chapter 261 of the Laws of 1881. (Code Civ. Pro. § 2122; *People* v. *Betts*, 55 N. Y. 600; *In re P. P. & C. I. R. R. Co.*, 85 id. 489; *People* v. *Sherman*, 15 Hun, 575; *People ex rel.* v. *Comrs.*, *etc.*, 99 N. Y. 256.) The determination of the comptroller was right upon the merits. (*P. P. C. Co.* v. *Pennsylvania*, 141 U. S. 281.) The question of the valuation of the relator's capital employed in this state was one of fact, which the comptroller was authorized and directed by the Corporation Tax Law to determine, and his determination will not be disturbed upon a review by certiorari. (Code Civ. Pro. § 2140; *People ex rel.* v. *Comrs., etc.*, 82 N. Y. 360; *People* v. *Comrs. of Taxes*, 99 id. 154; *People* v. *Davenport*, 91 id. 574–581; *People* v. *Keator*, 36 Hun, 594; *People* v. *Comrs. of Taxes*, 21 N. Y. S. R. 358; *People* v. *McCarthy*, 102 N. Y. 642; *People* v. *Comrs. of Taxes*, 104 id. 240; *People* v. *Coleman*, 107 id. 541; *People* v. *Weaver*, 34 Hun, 321; *People* v. *Pond*, 13 Abb. [N. C.] 1; *People ex rel.* v. *Hicks*, 105 N. Y. 198.) The relator is, for the purpose of taxation, concluded by the statute and the statement in its certificate of incorporation with respect to the place where its operations are to be conducted and its business transacted. (*U. S. Co.* v. *City of Buffalo*, 82 N. Y. 351; *O. S. Factory* v. *Dolloway*, 21 id. 449; *W. T. Co.* v. *Scheu*, 19 id. 408; *C. M. Co.* v. *Coleman*, 44 Hun, 545; *People* v. *Comrs. of Taxes*, 64 N. Y. 541.) The franchises of the relator constitute a part of its corporate property, and may properly be considered in determining the

value of such property and the amount of its capital employed in this state. (*People* v. *O'Brien*, 111 N. Y. 1; *People* v. *B., etc., R. R. Co.*, 89 id. 84; *N. O., etc., R. R. Co.* v. *Delamore*, 114 U. S. 501; *M., etc., R. R. Co.* v. *Railroad Comrs.*, 112 id. 619; *H. Ins. Co.* v. *New York*, 134 id. 601.) All the property which the relator owned or held within this state during the specified years constituted a part of its capital employed here. (*People* v. *Comrs., etc.*, ·23 N. Y. 192; 2 Wall. 200; *State Railroad Tax Case*, 92 U. S. 602; *R. R. Co.* v. *Vance*, 96 id. 455; *People* v. *Coleman*, 126 N. Y. 438.)

Gray, J.   The relator, a domestic corporation, organized and existing under the Manufacturing Act of 1848, appeals from an order of the General Term of the Supreme Court, which affirmed the determination of the comptroller of the state, upon an application to him for a revision and readjustment of the account of taxes settled against the relator pursuant to the provisions of chapter 542, Laws of 1880; as amended by chapter 361, Laws of 1881; chapter 151, Laws of 1882, and chapters 359 and 501, Laws of 1885. The basis of the application was the allegation that the previous settlement by the comptroller of the account for taxes, for three years ending November 1, 1889, included taxes which could not legally be demanded. The points raised by the relator were that, as it was not doing business in this state during these years, it was not subject to taxation, and that, as no part of its capital was employed here, there was no basis for the tax. The facts are undisputed and show that the relator was incorporated in 1882, with a paid-up capital of $2,000,000, and, by its certificate of incorporation, was "formed for the purpose of carrying on some part of its business out of the state of New York, but the operations of said corporations are to be conducted and carried on in and from the city, county and state of New York, which is to be the principal place of business of the said company." During the period in question the company was engaged in dredging, on the Panama canal. It had an office in New York city for the use of its officers and

employes, and it kept bank accounts there. It made annual reports to the comptroller, as required by the law; from which it appeared that dividends were annually declared and paid upon the capital stock, amounting in 1887 to 42 per cent; in 1888 to 224 per cent, and in 1889 to 7 per cent. The comptroller in 1890 settled and adjusted an account of taxes against the relator, based upon the dividends declared upon the amount of capital stock employed in this state during the years mentioned. This amount he found and determined from figures showing the average monthly balances in the New York banks, and the expenditures for salaries and other matters connected with the maintenance of its office in New York city.

Certain objections are presented by the attorney-general to the relator's proceeding through the writ of certiorari herein, which are based upon the provisions contained in certain sections of the various acts of 1880, 1881 and 1885. We think, however, that the sections added by the act of 1889 (Chap. 463) have conferred the power upon the Supreme Court to review in that way the action of the comptroller. The language of section 20 of the act is general that his action "upon any application made to him by any person or corporation for a revision and resettlement of accounts," may be reviewed, etc. Unquestionably there results from the several legislative enactments, in amendment of the act of 1880, upon the subject of procedure for a review, considerable confusion, and carelessness in legislation is strongly evidenced. But, unless we give to the sections added by the latest act of 1889 the effect of authorizing the proceeding of the relator here, they would be quite meaningless and purposeless. As the question is fully discussed in the opinion of the General Term below, and also in the opinion in the case of the *People ex rel. Brush, etc., Company*, decided at this term, it need not be further dwelt upon now.

Concerning the main question presented by this appeal, we entertain no doubt. The relator, being a domestic corporation, was liable to pay a tax upon its franchise and business, to be

measured by the amount of its capital stock found to be
employed in this state.   By section 3 of the act, every corpora-
tion is made subject to such a tax, which is incorporated or
organized under the laws of this state, or which is incorporated
under the laws of any other state or country and is doing
business in this state.   The qualifying words " and doing busi-
ness in this state " have reference only to foreign corporations.
The appellant's argument, that they prescribe a limitation upon
the right to tax a domestic corporation, disregards their proper
sense, as gathered from their juxtaposition in the section, and
it would import into the legislation a restriction upon the juris-
diction of the state to impose a tax upon domestic corporations,
for which there is no reason and which is not supported by
authority.   As to corporations, created under the laws of this
state, the power to tax their franchises and business is
undoubted and general; but as to corporations, which are
created under the laws of another state or country, jurisdiction
for taxing purposes is gained from the business which they do
in this state and the tax is one upon that business.   Foreign
corporations coming into this state, for the purpose of doing
some part of their corporate business here, are placed under
the obligation to bear some portion of the general burden of
taxation, in return for the privileges and benefits enjoyed.
The words of this section, which we are considering, may be
said to be the recognition by the legislature of the limitation
upon its powers, or upon the right to levy taxes, with respect
to foreign corporations.   Taxation under the act as to such is
limited to those " doing business in this state " and the tax is
assessed upon that business.   In *People* v. *Equitable Trust Co.*
(96 N. Y. 387), the defendant, against which this tax law of
1880 was sought to be enforced, was a foreign corporation,
having an office in this state.   It was there said of the tax that
" so far as section 3 imposes a tax upon corporate franchises,
its operation must be confined to corporations created under
our laws, and as to foreign corporations the tax is imposed
solely upon business."   " This tax," Judge EARL in that case
observed, " upon the business of foreign corporations is a spe-

cific tax." That is to say, that as a specific tax it may be imposed upon the business here of the foreign corporation, as upon any trade, avocation, or upon any specified article of personal property. What the legislature intended by the enactment in question, as to the corporations mentioned, was to impose not a property tax, but to assess all such, for the benefit of the state treasury, for the right of exercising the privileges which the state grants to them. So long as the corporation in fact exercises its franchises, and does business, the state exacts from it the payment of a tax for the privilege of doing so. It is needless to discuss the power of the state to impose the tax. It is well settled by frequent decisions that the power to tax is essential to the existence of the government and comprehends all objects within the jurisdiction of the state. The only limitation upon its exercise is such as may be constitutionally imposed. The imposition, otherwise, is unrestricted as to subjects and amount, and rests in the wisdom and in the sense of justice of the legislative body. Except in the case of a corporation, whose powers of management and the exercise of whose chartered privileges may have been lawfully vested in another, every corporation described comes under the obligation to pay the tax levied under this law. What the language of the act subjects to its requirements are, quite plainly, such corporations as are in the full exercise of their particular privileges and hence are able to and, therefore, should comply with them. This subject, of the object and intent of the statutes of 1880 and 1881, was carefully considered by this court in the case of *People* v. *Home Ins. Co.* (92 N. Y. 328), where it was distinctly held that the tax was upon the right of corporations to exercise the privileges conferred upon them and that it was not a property tax. It was said there "the amount of the tax is dependent upon the business prosperity as evidenced by their capacity to declare dividends, instead of upon the value of the corporate property," and the proposition that the tax, by force of the provisions for its assessment by appraisement of the value of the capital stock, made it "a tax upon capital stock and not upon

franchise," was denied. "We also think," said RUGER, Ch. J., in that case, "it may safely be assumed that so long as a corporation continues business under its charter, the privilege of so doing is of some pecuniary value to it and that there is no valid reason why the value of the capital stock may not be used as an element for determining the amount of tax levied upon franchise." The corporation and the franchise are as distinct as are the substance and its attribute. The franchise of the corporation is the exclusive exercise of the rights granted. (Kyd on Corp. p. 15.)

The legislation of 1880 and 1881 was the creation of a new system of taxation of corporations and provided a new method of regulating the contribution by them to the payment of state expenses by assessments, not upon property, but upon privilege and business. The scheme is a complete and independent one. It is made just and perfect in this respect by the declaration in section 8 that the corporations, joint stock companies and associations, mentioned in the act as taxable, shall thereafter be exempt from assessment and taxation for state purposes, except upon their real estate, and as therein provided; but shall in all other respects be liable to assessment and taxation as heretofore. (*People* v. *Gold & Stock Tel. Co.*, 98 N. Y. 67.)

A consideration of the provisions of this law, which was framed so as to bring all the domestic corporations, joint stock companies and associations described under the obligation to pay a tax into the state treasury, to be assessed upon their franchises and business, and exempting them from taxation otherwise for state purposes, except upon their real estate and as in the law provided, warrants the conclusion that the liability is in no sense restricted to such as do business in this state, and that a just measure of liability is arrived at, in those cases where the capital stock is partially employed in this state, by fixing the basis for the tax by the amount which is employed here.

The relator being, then, subject to taxation under the act, the determination of the comptroller as to the assessment and taxation, unless clearly shown to have been erroneous, should not be disturbed. This principle has been asserted in cases

where it has been sought to review the decisions of public officers charged with the duty of determining the valuation of property for the purpose of assessment and taxation, and is applicable here. (*People ex rel. Westchester Fire Ins. Co.* v., *Davenport*, 91 N. Y. 581 ; *People ex rel. Osgood* v. *Commissioners, etc.,* 99 id. 154; *People ex rel. Panama R. R. Co.* v. *Commissioners, etc.,* 104 id. 240.)

There was sufficient evidence here, upon which the comptroller could act in finding a basis for assessment.

The relator will be presumed to have employed some of its capital in the city of New York; for there, according to its certificate of incorporation, was its principal place of business, and from there were its operations conducted; it kept bank accounts there and paid out moneys for matters connected with, and more or less essential to the purposes of its incorporation ; and, if the comptroller fixed the amount of capital so employed here in the way he did, the company has little reason to complain of his account against it. In the eye of the law and as matter of fact some capital was employed here and we cannot see that the comptroller erred in his determination.

The judgment of the General Term should be affirmed, with costs.

All concur.

Judgment affirmed.