THE PEOPLE ex rel. THE UNION PACIFIC TEA COMPANY, Appellant, v. JAMES A. ROBERTS, as Comptroller, etc., Respondent.

In proceedings by certiorari to review the appraisal of the state comptroller fixing the amount of the relator's capital stock employed within this state, the latter objected to the appraisal on the ground that it is a manufacturing company, wholly engaged in carrying on manufacture in this state. These facts appeared : The relator is engaged in the sale of spices, baking powder, coffee and tea, purchasing these articles in bulk. The spices and baking powder are merely put up by it in packages for sale. Various kinds of tea are mixed together, the compound being called and sold as " combination tea." The coffee is purchased in the raw bean, then roasted and ground, and, in some instances, different kinds are mixed together. *Held,* that this was not manufacture, and so the relator could not be regarded as a manufacturing corporation.

*It seems,* that the return of the comptroller to a certiorari to review his appraisal should set forth the items of the appraisal, instead of simply giving the total, and making the evidence a part of the return.

(Argued March 11, 1895 ; decided March 19, 1895.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made December 4, 1894, which affirmed a determination of the comptroller of the state made upon a re-hearing for re-settlement and revision of a tax assessed against the relator.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Charles H. Luscomb* for appellant. The assessment by the comptroller is erroneous and unsupported by the evidence. (*People ex rel.* v. *Wemple,* 133 N. Y. 323; *People ex rel.* v. *Campbell,* 138 id. 543; *People ex rel.* v. *Coleman,* 126 id. 433; *People ex rel.* v. *Barker,* 54 N. Y. S. R. 447.) Manufacturing or mining corporations or companies wholly engaged in carrying on manufacture within this state are exempt from state taxation. (Laws 1889, chap. 353; *People ex rel.* v. *Campbell,* 63 N. Y. S. R. 44; *People ex rel.* v. *Wemple,* 133 N. Y. 323.) The business of the Union Pacific Company is a manufacturing business. (*People ex rel.* v. *Wemple,* 42 N. Y. S. R. 278; 129 N. Y. 543; *People* v. *N. Y. F. D. D. Co.,* 98 id. 488.) As to that proportion of its business which is manufacturing, the company is entitled to exemption from taxation. (*People ex rel.* v. *Campbell,* 63 N. Y. S. R. 47.)

*T. E. Hancock, Attorney-General,* for respondent. The appellant is not a manufacturing corporation, and is subject to taxation upon the amount of capital employed in this state. (*People* v. *K. I. Co.,* 99 N. Y. 181; *People* v. *N. Y. D. D. Co.,* 92 id. 487; *Byers* v. *F. C. Co.,* 106 Mass. 131; *Dudley* v. *J. P. A.,* 100 id. 183; *Frazee* v. *Moffit,* 20 Blatchf. 267; *Hartraupt* v. *Wiegmann,* 121 U. S. 609.) The determination of the comptroller as to the amount of tax due from the appellant was correct. (*People ex rel.* v. *Wemple,* 133 N. Y. 323; *People ex rel.* v. *Wemple,* 131 id. 64; *People ex rel.* v. *Wemple,* 138 id. 583, 587; *People* v. *A. C. & D. Co.,* 129 id. 558; *People* v. *S. C. O. Co.,* 131 id. 64; *People* v. *S. T. C. Co.,* 133 id. 323.)

Bartlett, J. This proceeding is presented upon a writ of certiorari to review the appraisal of the comptroller fixing the amount of the capital stock employed within the state by the relator, a foreign corporation organized under the laws of the state of New Jersey and having its factory and principal place of business in the city of New York.

The authorized capital of the relator is $300,000 and the amount paid in $212,000.

1895.]     People ex rel. U. P. T. Co. v. Roberts.     377

N. Y. Rep.]     Opinion of the Court, per Bartlett, J.

The comptroller fixed, on a first appraisal, the amount of capital employed within this state at $259,273.93, and on a re-hearing reduced the value to $172,677.46.

Thereupon the relator sued out a writ of certiorari to review the proceedings before the comptroller, and the General Term of the third department affirmed the assessment on the re-hearing.

The relator urges two principal objections to the appraisal made by the comptroller; first, that it is a manufacturing corporation wholly engaged in carrying on manufacture within this state; second, that there is an overvaluation of the amount of capital stock employed within this state.

The business of the relator is alleged to be the manufacture of coffee and tea, and the sale of coffee, tea, spices and baking powder in this and several other states. It appears by the uncontradicted evidence that the relator purchases its spices and baking powder in bulk, merely putting up the same in packages for sale, and the question of whether the relator is a manufacturing corporation must be determined by the manner in which it deals with its coffee and tea. The evidence discloses that tea is taken in the original state, and various kinds are mixed together, producing a compound which is called combination tea. Coffee is purchased in the raw bean, roasted, ground, and in some instances different kinds of coffee are mixed together, forming, as in the case of the tea, a combination article.

We think it very clear that the handling of tea and coffee in the manner indicated is not manufacture in any legal sense and the relator cannot be regarded as a manufacturing corporation.

Mr. Webster defines manufacture to be "anything made from raw materials by the hand, by machinery, or by art, as cloths, iron utensils, shoes, machinery, saddlery, &c."

The process of manufacture is supposed to produce some new article by the application of skill and labor to the raw material.

It is quite apparent that the processes of the relator when subjected to this test cannot be deemed manufacture either in the ordinary or legal definition of that term.

In the case of *The People* v. *Knickerbocker Ice Company* (99 N. Y. 181) it was held that the collecting of ice from the Hudson river and Rockland lake, storing, preserving and preparing it for sale was not a process of manufacture. This court held the defendant was dealing with ice as an existing article, and not as a manufacturer thereof by frigoric effects produced by artificial means.

Judge DANFORTH says (p. 183) : " Water might be improved by filtration, fruit by judicious pruning of tree or vine, or protection by glass, sand and gravel by screening, cobblestones by selection and coal by breaking, and each by various processes stored until the season of demand, when, having been ' collected, stored, preserved and prepared for sale,' the natural article and no other would be put upon the market."

So in the case at bar the combination of teas, and the roasting, grinding and mixing of coffee are processes which result in no new article, as it is still coffee and tea that is placed upon the market.

The United States Circuit Court for the northern district of New York held that cutting grass, converting it into hay, pressing it in bales and transporting it to market did not result in the production of a manufactured article. (*Frazee* v. *Moffitt*, 20 Blatch. Cir. Ct. Rep. 267.)

The Supreme Court of the United States held that shells cleaned by acid and then ground on an emery wheel, and some of them afterwards etched by acid, and all of them intended to be sold as ornaments, as shells, were not dutiable as manufactures of shells. (*Hartranft* v. *Wiegmann*, 121 U. S. 609.) It is unnecessary to multiply citations, as the cases referred to clearly point out the rule that governs in the case at bar.

This brings us to the question of alleged overvaluation in the appraisal by the comptroller. After a careful examination of the evidence, we are not only unable to agree with the con-

tention of the learned counsel for the relator that legal error is disclosed by the fact that the comptroller's appraisal is contrary to the undisputed evidence, but we are of opinion that his final determination on the re-hearing is supported by the facts. We do not deem it important to review the facts in detail, as the decision below is binding upon this court.

We feel constrained, in this connection, to comment upon a practice that prevails in the comptroller's office which imposes upon this court much unnecessary labor. The return to the writ of certiorari in this case sets forth the final determination of the comptroller in fixing the amount of relator's capital stock employed within this state, but fails to disclose the items aggregating the total as ascertained, simply making the evidence taken before the commissioner a part of the return.

It will greatly facilitate the court in deciding this class of cases if the return sets forth the items of the appraisal.

The judgment and order appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.