The People ex rel. The Western Electric Company, Appellant, *v.* Frank Campbell, Comptroller, etc., Respondent.

In proceedings by certiorari to review the action of the state comptroller in assessing so much of the capital of the relator as is employed in this state, it appeared that the relator, a corporation engaged in manufacturing telephone and telegraph apparatus, is an Illinois corporation, having its main office and principal manufactory in that state, but conducting an extensive manufacturing business in this state, and also purchasing and selling general electric supplies not manufactured by it. This it is authorized to do by its charter.  *Held,* that the relator was not wholly engaged in carrying on manufacture in this state, and so, was not exempt by the Corporation Tax Act (§ 3, chap. 542, Laws of 1880, as amended by chap. 193, Laws of 1889) from taxation on the amount of its capital employed here.

*People ex rel.* v. *Campbell* (144 N. Y. 166), distinguished.

Reported below, 80 Hun, 466.

(Argued April 8, 1895; decided April 16, 1895.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, made May 8, 1894, which affirmed a decision of the respondent, as comptroller of the state of New York, imposing an assessment upon the capital employed by the relator, a foreign corporation, in this state, and quashed a certiorari to review the same.

The facts, so far as material, are stated in the opinion.

*Edwin T. Rice, Jr.,* for appellant.    The comptroller erred in imposing a tax on so much of the capital of the relator as was

588     People ex rel. W. E. Co. *v.* Campbell.     [April,

Opinion of the Court, per Bartlett, J.          [Vol. 145.

employed in its manufacturing business. (*People ex rel.* v. *Campbell*, 144 N. Y. 166; *Comm.* v. *L. I. & C. Co.*, 129 Penn. St. 346; *Comm.* v. *Mann Co.*, 150 id. 64; *Comm.* v. *P. I. & S. Co.*, 156 id. 500; *Comm.* v. *J. C. Co.*, Id. 507; *Comm.* v. *S. F. B. Co.*, Id. 512; *Comm.* v. *N. O. Co.*, Id. 516; *People* v. *H. S. M. Co.*, 105 N. Y. 76.)

*T. E. Hancock, Attorney-General,* for respondent. The appellant is not a manufacturing corporation or company wholly engaged in carrying on manufacturing under the provisions of the New York corporation tax laws, and is subject to taxation upon the whole amount of capital employed in this state. (*People ex rel.* v. *Fire Comrs.*, 73 N. Y. 437.) The burden of proof was on the appellant to establish that it came within the statutory exemption, and to show that it was incorporated only for the purpose of manufacturing and transacting a business incident thereto. (*People ex rel.* v. *Campbell*, 144 N. Y. 166; *C. B. Co.* v. *City of New Orleans*, 99 U. S. 97; *Knapp* v. *O'Neill*, 46 Hun, 318; *Sherrill* v. *Hewitt*, 36 N. Y. S. R. 321; *Butler* v. *City of Oswego*, 56 Hun, 358.) The tax assessed against the corporation by the comptroller was not erroneous, and there was no overvaluation made in the appraisal made by him. (*People ex rel* v. *Wemple*, 131 N. Y. 64; *People ex rel.* v. *Wemple*, 138 id. 583; *People ex rel.* v. *Wemple*, 133 id. 323; *People ex rel.* v. *Wemple*, 138 id. 587; *People ex rel.* v. *A. C. & D. Co.*, 129 id. 558; *People* v. *S. C. O. Co.*, 131 id. 64; *People* v. *S. T. C. Co.*, 133 id. 323.)

Bartlett, J. The relator seeks in this proceeding to review, on certiorari, the assessment of taxes by the comptroller on its capital employed in this state for the years 1889, 1890, 1891 and 1892.

The Western Electric Company is an Illinois corporation with its main office and principal factory located in the city of Chicago, but it also conducts an extensive manufacturing and general business in the city of New York. In this state

it manufactures telephones and telegraph apparatus and also purchases and sells articles it does not manufacture which are used by telephone and telegraph companies, such as line wire, insulators and general electric supplies.

The counsel for the relator insists that the determination of the comptroller should be reversed for two reasons, viz. :

1. The relator is a manufacturing corporation wholly engaged in carrying on manufacture within this state.

2. Even if that position cannot be maintained, the tax imposed by the comptroller for each of the years under review is excessive in amount.

As to the first point it is urged that the relator's case is similar to that presented by the record in the *People ex rel. Tiffany & Co.* v. *Campbell* (144 N. Y. 166); that the relator is a manufacturing corporation of precisely the same character as Tiffany & Co., and is engaged in carrying on manufactures in the state of New York in the same manner.

The case of *Tiffany & Co.* is distinguishable from the case at bar and is not decisive of the question now presented.

Tiffany & Co. is a manufacturing corporation organized under the laws of this state for the manufacture and sale of gold and silverware and other articles of ornament and use; it employs about eighty per cent of its capital in this state, of which amount all except twelve or fifteen per cent is invested in its manufacturing business; the amount not employed in manufacturing is used in the purchase and sale of goods of foreign manufacture to make the stock complete and meet the demands of customers.

It was claimed that the amount so used in the purchase of foreign goods was incidental and subsidiary to the exercise of its corporate powers, and as a result that the entire amount of capital employed in this state was exempt from taxation.

This court refused to adopt that view and held that Tiffany & Co., within its corporate powers, was only a manufacturing corporation authorized to sell its own goods, and that the purchase and sale of goods it did not manufacture was *ultra vires ;* that while the state could intervene to prevent this

usurpation of power if the public interests required it, the corporation was subject to a tax on its outside and unauthorized transactions; that as to its legitimate corporate business it was wholly engaged in carrying on manufacture within this state and the capital so employed was not taxable.

This is all that was decided in the case of Tiffany & Co.

In the case at bar we have a different state of facts.

It appears by the return to the writ of certiorari, and is not denied in this proceeding, that the relator is a corporation organized under the laws of the state of Illinois to manufacture, buy, sell, lease or otherwise procure, own and dispose of electric and electric telegraph and telephone instruments and apparatus of all kinds, and all parts of the same; to acquire by purchase patent and other rights and franchises; to acquire and dispose of capital stock of other corporations.

Under this grant of corporate power it is manifest that the relator is not only empowered to manufacture and sell its own goods, but is authorized to buy and sell electric and electric telegraph and telephone instruments and apparatus of all kinds and all parts of the same. Unlike Tiffany & Co., the relator is not confined to the manufacture and sale of its own products in its business conducted in this state, but in the purchase and sale of general electric supplies is acting strictly within its corporate powers.

It, therefore, follows that the relator is not wholly engaged in carrying on manufacture within this state, and, consequently, is taxable on the amount of its capital stock employed here.

If it seems a harsh and unwise rule that imposes upon a foreign corporation a tax upon a large amount of its capital that it brings into this state, and employs in a legitimate and prosperous manufacturing business which requires for its factory real estate valued at nearly a quarter of a million of dollars and gives employment to four hundred and fifty skilled workmen, it is a subject that should be brought to the attention of the legislature, as courts must enforce the law as written.

It would seem that a wise public policy should encourage manufacturers and so adjust taxation as to promote the investment of foreign capital within the state in manufacturing enterprises.

It now remains for us to consider whether the comptroller, in fixing the amount of capital employed within this state, as the basis of the tax imposed, has named an excessive amount; for the year 1889 he has determined the amount to be $750,000, and for each of the other three years $1,000,000.

It is the established rule, settled by the repeated adjudications of this court, that the determination of the comptroller must stand upon the question of valuation unless clearly shown to have been erroneous. (*People ex rel. A. C. & D. Co.* v. *Wemple,* 129 N. Y. 558; *People ex rel. Roebling's Sons Co.* v. *Wemple,* 138 id. 587.)

A careful examination of the record satisfies us there is evidence to support the determination of the comptroller.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.