530 PEOPLE ex rel. EDISON CO. v. CAMPBELL. No. 2.

THIRD DEPARTMENT, JULY TERM, 1895. [Vol. 88.

The People of the State of New York ex rel. Edison Electric Light Company, Relator, v. Frank Campbell, Comptroller of the State of New York, Respondent. No. 2.

*Taxation of corporation — certiorari to review an assessment — return of the Comptroller conclusive — what business is not manufacturing — Comptroller's valuation, when conclusive.*

The return of the Comptroller to a writ of certiorari issued to review his action in assessing taxes upon a corporation is conclusive.

Where such a return alleges that the principal business of a corporation, during the time for which such assessment is laid, was the owning and leasing of various patents relating to electricity; that its principal income was derived from royalties upon its patents or from the sale of its patents; that it was a large stockholder and bondholder in various corporations using the patents, and that the corporation was running no wires and furnishing no light during the time in question, and denies that it was engaged in carrying on any manufacturing whatever, the corporation is taxable under chapter 542 of the Laws of 1880, and the acts amendatory thereof.

The business described by such return is not the production of a new article by the application of skill and labor to raw materials, and is not a manufacture.

Where a corporation is taxable to any extent whatever the determination of the Comptroller upon the question of valuation will prevail unless it is clearly shown to be erroneous.

Certiorari issued out of the Supreme Court and attested on the 12th day of September, 1892, directed to Frank Campbell, as Comptroller of the State of New York, requiring him to certify and return to the office of the clerk of the county of Albany all his acts and proceedings, with all papers and documents relating to the assessment of certain taxes upon the capital stock of the relator for the three years ending November 1, 1888.

The proceeding was taken under chapter 463 of the Laws of 1889 to review assessments for taxes assessed under chapter 542 of the Laws of 1880, and the acts amending that statute.

*Eugene H. Lewis* and *C. R. Waterbury,* for the relator.

*T. E. Hancock, Attorney-General,* and *G. D. B. Hasbrouck, Deputy Attorney-General,* for the respondent.

Herrick, J.:

This is a proceeding to review by certiorari the assessment of certain taxes made by the Comptroller of the State of New York

PEOPLE ex rel. EDISON CO. v. CAMPBELL. No. 2. 531

Hun.]      ,      THIRD DEPARTMENT, JULY TERM, 1895.

upon the capital stock of the relator for the years 1886, 1887 and 1888.

This proceeding is similar to the one we have just considered.* The allegations of the petitioner, as to the character of the business carried on by it during the years in question, are substantially the same as those of the case we have just considered, but the return by the Comptroller thereto is very different. That portion of it relating to the business of the relator is as follows: " That it appeared from the information and evidence in the possession of the Comptroller, that neither the relator nor either of said constituent companies was, during either of said years, engaged in the manufacture of appurtenances for, or used in producing light, heat and power by electricity.

" That during each of said years the principal business of the relator was the owning and leasing of various kinds of patents employed in lighting, heating or furnishing motive power by electricity, and its principal income and revenue during each of said years resulted from the sale of royalties or the sale of patents owned by it, which patents are used by other companies and corporations, and in which companies and corporations the relator is a large stockholder as well as owner of bonds of such companies or corporations, and the relator was running no wires and furnishing no light during said term."

And again, as follows: "And upon information and belief denies that the relator herein was engaged in carrying on any manufacturing whatever or any business other than as stated hereinbefore during the years in question."

The return of the Comptroller must be taken as conclusive as to the facts. (*People ex rel. Sims* v. *Fire Commissioners,* 73 N. Y. 437; *People ex rel. Roebling's Sons' Co.* v. *Wemple,* 138 id. 582–586; *People ex rel. Press Pub. Co.* v. *Martin,* 142 id. 228, 235.)

The business of the relator, as described in the return of the Comptroller, is not a manufacturing business within the meaning of the statute. " The process of manufacture is supposed to produce some new article by the application of skill and labor to the raw material." (*People ex rel. Union Pac. Tea Co.* v. *Roberts,* 145 N. Y. 375–377.)

---

* See *ante,* page 527.

The relator's business clearly does not come within this definition. The relator, then, was taxable.

It appears that from the sale of patents to other companies and corporations it received stocks and bonds in return. The bonds so received from corporations existing in this or other States are taxable as part of its property. (*People ex rel. Edison Elec. L. Co.* v. *Campbell,* 138 N. Y. 543.)

How much of its property it has invested in stocks and how much in bonds does not appear, neither does it clearly appear that the Comptroller took into consideration such stocks in fixing the amount of the relator's taxes.

The relator being taxable to some amount, the determination of the Comptroller upon the question of valuation, unless clearly shown to be erroneous, is conclusive. (*People ex rel. Western Elec. Co.* v. *Campbell,* 145 N. Y. 587.)

The determination of the Comptroller should be affirmed, the certiorari quashed, with fifty dollars costs and disbursements.

PUTNAM, J., concurred; MAYHAM, P. J., not acting.

Determination of the Comptroller affirmed, writ of certiorari quashed, with fifty dollars costs and disbursements.