(19 App. Div. 574.)

PEOPLE ex rel. WIEBUSCH & HILGER CO., Limited, v. ROBERTS.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

1. TAXATION—CAPITAL STOCK OF CORPORATION—DEBTS AND LIABILITIES.
    In estimating the amount of capital stock employed in the state by a corporation for the purpose of taxation, under Laws 1880, c. 542, § 11, as amended by Laws 1885, c. 501, the debts and liabilities of the corporation must be taken into account, and the uncontradicted affidavit of an officer of the corporation as to such debts cannot be disregarded.
2. SAME.
    In making such estimate, the comptroller is not compelled to exclude that portion of the assets of the corporation which consists of merchandise imported by it in original, unbroken packages, or money or accounts arising from the sale thereof.

Proceeding by the people, on the relation of the Wiebusch & Hilger Company, Limited, against James A. Roberts, as comptroller of the state of New York, to review an assessment. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Edmund L. Cole, for relator.

T. E. Hancock, Atty. Gen., and G. D. B. Hasbrouck, Dep. Atty. Gen., for respondent.

PUTNAM, J. This is a proceeding to review the determination of the comptroller in assessing a corporate franchise tax against the relator for the year ending November 1, 1895, at $290.10 on the sum of $193,400, which he held was the value of its property employed in this state. Section 11 of chapter 542, Laws 1880, as amended by chapter 501, Laws 1885, provides as follows:

"The amount of capital stock which shall be the basis for the tax under the provisions of section 3 of this act, in the case of every corporation * * * liable to taxation thereunder, shall be the amount of capital stock employed within this state. In making to the comptroller the report in writing or certificate of estimate and appraisal of the capital stock of such corporation * * * provided for by the first section of this act, it shall be the duty of the president or treasurer thereof, as the case may be, to state specifically the amount of capital stock employed within this state of such corporation. * * * Whenever the comptroller is dissatisfied with such report * * * of any corporation * * ° * whose capital is only partially employed within this state, he is authorized and empowered to ascertain, fix and determine the amount of capital employed within this state, and to settle an account for the taxes and penalties due the state thereon."

The original report and the statement and affidavit on the part of the relator presented to the comptroller on the rehearing, set forth that all the property, real and personal, employed by it in this state or elsewhere during the year in question amounted in value to the sum of $305,445.09, and that during said period its debts and liabilities averaged the sum of $189,343, leaving the net assets of the company $116,102.09, of which assets $18,102 was the value of the manufacturing property of the corporation at Bridgeport, Conn., which was employed in that state, and not in New York, deducting which from the above-mentioned $116,102.09 leaves a balance of $98,000.09. Of the said assets also $30,700 was composed of merchandise imported and in original, unbroken packages; accounts arising from the sale of original, unbroken packages imported by the company; and a bank balance which arose from such sales. The relator urged that said sum of $30,700 should be deducted from the above balance of $98,000.09, leaving the sum on which it should be assessed $67,300.09. I am not prepared to say that the comptroller, in computing the franchise tax against relator, was compelled to exclude that portion of its assets invested in merchandise. imported by it, and remaining in the original, unbroken packages, or accounts or money arising from the sales thereof. The tax authorized by chapter 542, Laws 1880, and the several acts amendatory and supplemental thereto, is a tax upon the corporation franchise or business, and not a tax upon the property. Under doctrines stated in People v. Wemple, 138 N. Y. 1, 33 N. E. 720; Home Ins. Co. v. New York State, 134 U. S. 594, 10 Sup. Ct. 593, and other authorities, it is probable that the comptroller was authorized to assess the tax upon all the property of the relator employed in the state, although a portion thereof was merchandise imported by the company, and remaining in the original packages, or was the proceeds of sales of such property; no adverse discrimination being made in the imposition of the tax between such property and other property of a similar character. But I am unable to understand on what ground the comptroller, in determining the amount of corporate stock employed in this state, excluded from consideration the debts and liabili-

ties of the relator. The affidavit made by Charles F. Wiebusch, the president of the relator, contained a full and satisfactory statement of the property employed in this state and elsewhere. He showed that the value of the gross assets of the corporation in this state and Connecticut was $305,445.09, and that its debts and liabilities during the year in question were $189,343, leaving the net assets $116,102.09, from which should be deducted $18,102, capital employed in Connecticut, leaving the balance employed in this state $98,000.09. Although Wiebusch was the president of the relator, and its largest stockholder, I am unable to see on what ground the comptroller could disregard his statement and affidavit. No facts are stated or shown in the papers authorizing such action on the part of the comptroller. Such being the case, it was shown on the proceeding for a rehearing that the capital stock employed by the relator in this state, after deducting the debts and liabilities, was $98,000.09. It will not be doubted that in estimating the amount of capital stock employed in the state by a corporation under the provisions of section 11, c. 542, Laws 1880, as amended by chapter 501, Laws 1885, the debts and liabilities of a corporation must be taken into account. The actual amount employed is the net amount. "In determining the actual capital of a corporation for the purpose of general taxation, the true value of its corporate assets, less the debts and obligations, and not the market value of the shares, is the rule of assessment." People v. Coleman, 126 N. Y. 433, 27 N. E. 818; opinion of O'Brien, J., in People v. Wemple, 138 N. Y. 582–588, 34 N. E. 386. The same rule must apply to an assessment by the comptroller under the act of 1880. The amount of the capital stock employed in this state by a corporation, under the provisions of the act in question, must be deemed the actual value of such property; that is, the gross value. deducting the amount of its debts and liabilities. See People v. Wemple, 133 N. Y. 323, 31 N. E. 238; People v. Wemple, 150 N. Y. 46–51, 44 N. E. 787.

I conclude that the comptroller should have assessed the franchise tax against the relator for the year in question on the sum of $98,000.-09 (with, perhaps, the value of the good will, whatever it was, added) instead of $193,400, and hence that his determination should be reversed, with $50 costs and disbursements. All concur.