(20 App. Div. 514.)

PEOPLE ex rel. STANDARD WOOD CO. v. ROBERTS, Comptroller.

(Supreme Court, Appellate Division, Third Department. September 28, 1897.)

1. TAXATION—EXEMPTION—MANUFACTURING CORPORATIONS.
    A corporation whose business is the production of kindling wood from slabs, by the use of machinery, skill, capital, and labor, which article is different in form and condition from the material out of which it is made, being specially prepared for use as a kindler for anthracite coal, and known under a distinctive name, is engaged in the business of "manufacturing," within the statute exempting from taxation the capital stock of such corporations employed within the state.

2. SAME—OFFICE AND OFFICE FURNITURE—CAPITAL STOCK.
    The rental of the office and the value of the office furniture of such corporation do not constitute "capital stock," separate from that used in the business of manufacturing, as such office and furniture are merely incidents to such business, and the amount so used is therefore not taxable.

Certiorari, on the relation of the Standard Wood Company, to review the decision of James A. Roberts, as comptroller of the state of New York, in settling and determining against relator a tax on its franchise and business, and a license fee. Reversed.

The relator is a foreign corporation, organized under the laws of New Jersey, and carries on business in the states of Maine, New Hampshire, New York, and Pennsylvania. The business of the relator is that of making and selling kindling wood, principally to be used as a kindler of anthracite coal. The capital that it has invested in the state of New York is used in the making of kindling wood. It has an office, for which it pays a rental of $1,000 a year, and office furniture of about the value of $400. All of its products made within this state are sold within this state, and none of its products made without the state of New York are sold within the state of New York. It has three plants for the making of kindling wood in this state. The manner in which this kindling wood is made is as follows: The relator purchases at sawmills the green slabs of wood cut from logs. These slabs of wood are split or rather sawed into strips about 1½ inches square, by a number of saws operating upon a saw table run by steam machinery. These strips are, in turn, cut into pieces a little under three inches in length, by a number of saws operating upon a saw table run by steam machinery. The blocks or strips thus cut, as they fall from the table, are caught in an elevator run by an endless chain, which carries them to the top of a building used as a kiln, where they are kiln-dried, the kiln being heated by a system of steam pipes, which thoroughly dries the blocks, so that they will readily ignite. The blocks so dried are gathered together into a bundle of about one foot in diameter, and of the length or thickness of one block or strip, and are then placed into a press operated by steam power, which compresses the bundle to its smallest circumference; while in the press a cord is tied around the bundle, and it is then ready for the market. It is apparently used as a kindler, not by separating the bundle into its parts, but by using the block or bundle as a whole, as a piece of kindling wood. The comptroller held that the business of the relator was not a "manufacturing business," within the meaning of the statute, and assessed it accordingly.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Strong & Cadwalader (Henry S. Wardner, of counsel), for appellant.
Theodore E. Hancock, Atty. Gen. (G. D. B. Hasbrouck, of counsel), for respondent.

HERRICK, J.　The article produced by the relator is a commercial article known and recognized by a specific and distinctive name, a product the result of capital and labor, and different in form and condition from the material out of which it is made.　It is obvious that neither the tree from which the wood comes, nor the slabs of wood, could be used in their original form as kindling wood, and that the relator has, by the use of machinery, skill, capital, and labor, produced a new article, different in form, quickly inflammable, with a distinctive name, and fitted for sale, use, and consumption, which, within the definitions, constitutes a manufactured article, and the business of producing it that of manufacturing.　It is needless to quote the definitions given by lexicographers, or in the opinions of courts, as to what constitutes manufacturing, but to simply refer to the Century Dictionary, Standard Dictionary, and Worcester's Dictionary; People v. Roberts, 145 N. Y. 375, 40 N. E. 7; People v. Wemple, 129 N. Y. 543–552, 29 N. E. 808; Evening Journal Ass'n v. State Board of Assessors, 47 N. J. Law, 38; Carlin v. Assurance Co., 57 Md. 515–526; and U. S. v. Hathaway, 4 Wall. 404,—as authorities within whose terms and principles the business carried on by the relator is clearly that of manufacturing.

The having of an office and office furniture are merely incidents to the business carried on by them of manufacturing; and the value of the one, and the rental of the other, do not constitute capital stock separate and apart from that used and employed in their business of manufacturing, and the amount so used is therefore not taxable.

The capital of the relator that it has in this state being wholly engaged in manufacturing business, the determination of the comptroller should be reversed, with $50 costs and disbursements.　All concur.

