In re NIAGARA CONTRACTING CO.

(District Court, W. D. New York. January 27, 1904.)

No. 1,386.

1. BANKRUPTCY—MANUFACTURING CORPORATIONS.

A corporation engaged in constructing buildings and bridges by contract, furnishing the labor, while others furnish the materials, is a manufacturing corporation, and subject to be adjudged an involuntary bankrupt, under Bankr. Act 1898, § 4b (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]).

¶ 1. What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.

2. SAME—APPLICATION TO SET ASIDE ADJUDICATION—LACHES.

Objection to the jurisdiction of the court to adjudge a corporation a bankrupt may be taken after the adjudication has been made, by an application to set it aside, where the want of jurisdiction did not appear from the pleadings, but it should be done promptly after the facts appear from the evidence taken.

In Bankruptcy. On petition of creditor to set aside adjudication.

Alfred W. Gray, for petitioner.

August Becker, for petitioning creditors and trustee.

HAZEL, J. This is an application by a creditor for leave to answer the creditors' petition, filed March 21, 1903, to have the Niagara Contracting Company adjudged an involuntary bankrupt. No one appearing to contest the petition, the adjudication was had on April 7, 1903. Thereupon the proceeding was referred to the referee in bankruptcy of the county where the bankrupt had its principal place of business. The applicant filed his proof of claim before the referee, and upon the hearing it appeared that the business of the bankrupt corporation was that of constructing buildings and bridges; furnishing the necessary material and labor, and receiving either a fixed price for the services rendered, or a percentage upon the value of the labor or material supplied. It further appeared that during the year preceding the adjudication in bankruptcy the bankrupt was solely engaged in constructing buildings and bridges, namely, supplying the labor, while the materials were furnished by others.

Upon these conceded facts, the question to be decided is whether the bankrupt is not included in the class of those who may be adjudged involuntary bankrupts. The petitioning creditor contends that the bankrupt was not a "corporation engaged principally in manufacturing, trading, printing, publishing or mercantile pursuits," and hence leave should be granted, allowing him to answer the petition upon which the bankrupt was adjudicated, although nearly a year has expired since such adjudication. The petitioning creditors and the trustee contend broadly that the bankrupt was engaged in manufacturing, and by analogy was engaged in trading and in mercantile pursuits. No doubt exists in the mind of the court that the bankrupt was engaged in manufacturing, as that term is defined by well-considered cases under the bankrupt act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]). The broad interpretation which the courts have always given the word "manufacture" must, I think, include the construction of buildings and bridges. In People ex rel. U. P. T. Co. v. Roberts, 145 N. Y. 377, 40 N. E. 7, the following definition of the term "manufacture" is given: "The process of manufacture is supposed to produce some new article by the application of skill and labor to the raw material." If the bankrupt had not ceased to furnish materials for the construction of bridges and buildings preceding its adjudication, I would have no hesitation to declare that the Niagara Contracting Company was also engaged in trading and in mercantile pursuits. In re Garrison, Fed. Cas. No. 5,254. Upon the analogy which may be drawn from In re Luckhardt (D. C.) 101 Fed. 807, and In re Mackey (D. C.) 110 Fed. 355, the adjudication will not be dis-

turbed upon the present state of facts. The bankrupt is a domestic corporation, and was specially organized to engage in manufacture, trading, and mercantile pursuits. The object and purpose of the incorporation must be taken into consideration, and to quote Judge Brown in Re N. Y. & W. Water Co., 98 Fed. 712, the words "engaged principally in trading or mercantile pursuits," must "be interpreted in the sense in which they are commonly used and received, and not in any strained or unnatural sense, for the purpose of including or of excluding particular corporations." See, also, In re Morton Boarding Stables (D. C.) 108 Fed. 791. I have examined the very recent case of In re New York Building Loan Bank Co., 11 Am. Bankr. Rep. 51, 127 Fed. 471, in which Judge Holt decides that a building and loan association does not come within the provisions of section 4b, of the bankrupt act. That case is distinguishable. There a moneyed corporation was under consideration, while this case, as we have seen, relates to a corporation organized for the purpose of manufacturing, and, in my judgment, the business of the bankrupt, as shown by the proofs, was that of a manufacturing or trading concern, pure and simple; and, therefore, irrespective of the decisions cited as to trading corporations, the application of the act will be decided here on the ground that the bankrupt is a manufacturing corporation.

Objections to the jurisdiction of the court ordinarily may be brought to the attention of the court by any party in interest at any stage of the proceeding. German Savings Bank v. Franklin Co., 128 U. S. 526, 9 Sup. Ct. 159, 32 L. Ed. 519. In this case the lack of jurisdiction is not apparent upon the face of the petition to have the corporation adjudged bankrupt. Whether the court is without jurisdiction depends entirely upon facts which must first be proved. Under such circumstances, the application to open default in pleading must be promptly made, and upon sufficient cause shown in the moving papers. The facts appearing on argument and by the affidavit of the trustee tending to show another motive for this application are not such as predispose looking with favor upon this creditor's request to set aside the adjudication, with leave to oppose the same. Assuming such facts to be true, it would seem that the petitioners are chargeable with laches in seeking the relief now asked. See In re Ives (D. C.) 111 Fed. 495.

The motion is denied.