(4 App. Div. 288.)

PEOPLE ex rel. RAILWAY ADVERTISING CO. v. ROBERTS, Comptroller.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

TAXATION—FOREIGN CORPORATIONS—CAPITAL STOCK.

Under Laws 1880, c. 542, § 11, providing that a foreign corporation shall be taxed on its "franchise or business" on the basis of "the amount of capital stock employed within the state," such corporation is not taxable to a greater extent than the par value of the capital stock authorized by its charter.

Certiorari by the Railway Advertising Company to review the determination of James A. Roberts, comptroller, settling the amount of the capital stock of relator employed by it in the state, and fixing the tax and penalty thereon for the year and ten months ending November 1, 1894. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

L. G. Reed, for relator.

G. D. B. Hasbrouck, Dep. Atty. Gen., for the comptroller.

LANDON, J. The relator was organized under the laws of West Virginia. The capital stock, authorized by its charter, is $5,000, all of which has been fully paid in to the company. It does an advertising business in this state, and employs, as the comptroller has found, upon ample evidence, $40,000 in such business, and makes a net profit thereby of at least $20,000 per year. It is liable to taxation "upon its franchise or business" upon the basis of "the amount of capital stock employed within this state." The comptroller is authorized, for the purposes of the tax, to ascertain and determine the amount of such capital stock employed within this state. See People ex rel. Singer Manuf'g Co. v. Wemple, 78 Hun, 63, 29 N. Y. Supp. 92, for citation of the various statutes. The comptroller fixed the amount of capital stock thus employed in this state at $40,000 for the year and ten months ending November 1, 1894.

The relator claims that it could not in any event exceed $5,000. We think it is settled by authority that "the amount of capital stock," made by statute the basis of taxation, cannot exceed the amount authorized by its charter. People v. Coleman, 126 N. Y. 433, 27 N. E. 818; Williams v. Telegraph Co., 93 N. Y. 188. It is

held that the money or property which a corporation may acquire or employ in its business may greatly exceed the amount of its capital stock. Such property consists of capital stock, surplus, and franchise. The capital stock, however great the aggregate property, cannot exceed in amount, though it may in value, the amount permitted by its charter. Id. Ordinarily, the amount of the capital stock of a foreign corporation doing business in this state is less than the amount authorized by its charter. In such case the comptroller, in order to ascertain the amount employed within this state, may need to examine as to the extent and details of its business within the state. People ex rel. John A. Roebling's Sons' Co. v. Wemple, 138 N. Y. 582, 34 N. E. 386; People ex rel. Seth Thomas Clock Co. v. Wemple, 133 N. Y. 323, 31 N. E. 238. Rules applicable to ascertaining the part of the whole afford no warrant for assessing the whole above the amount of its fixed limit. It is said, in Einstein v. Electric Co., 146 N. Y. 53, 40 N. E. 631, that "no acts of the officers or agents of the company are competent to enlarge the capital stock, nor can the stockholders do so save in the particular manner pointed out by the statute." The relator may employ its surplus in business, if it chooses, instead of increasing its capital stock. The statute does not include in this particular field of taxation such surplus thus employed.

The determination of the comptroller should be reversed, with costs, and the tax against the relator be fixed upon the basis of $5,000, its capital stock employed within this state. All concur.