VOSE *vs.* WILLARD and others.

Under the provision of the statute requiring that whenever any person shall apply to the assessors of any town or ward to reduce the value of his real or personal estate, as set down in the assessment roll, he shall be examined under oath by the assessors, touching the value of his property, and his examination shall be reduced to writing, and shall be subscribed by him, (*Laws of* 1857, *ch.* 536, § 6,) one who fails to subscribe a written examination has no right to have the deduction claimed by him made, even though his examination shows him clearly entitled to it.

Where a person assessed applied to the assessors to have an assessment against him for personal property stricken from the roll, upon the ground that he was justly indebted, to an amount more than equal to the value of all the personal property owned by him, and upon being examined by the assessors in respect to the amount he was owing, and the persons to whom he was indebted, stated that he could not remember whom he owed; *Held* that the assessors were right in refusing to reduce the assessment, under the evidence before them, and would have been guilty of a clear breach of public duty had they acted otherwise.

And that upon such an examination, even if it had been properly reduced to writing, and signed, it would have been the plain 'and clear duty of the assessors to disregard it altogether, and indorse it " disagreed to," according to the statute.

If an applicant to the assessors for a reduction of the valuation of his property claims to be indebted, and is unable to tell what persons he is owing, and the amount due to each, or near the amount, the assessors may assume, and act upon the assumption, that the claim is a mere pretense, to avoid the payment of his just share of the public burthens.

Vose *v.* Willard.

Assessors have jurisdiction to make an assessment, and when it is made, the statute gives them the right to retain it as made, and to disregard, and "disagree to," the written examination of a person applying for a reduction, if it is not satisfactory to them.

This is plainly a judicial duty; and even if they err in its exercise, no action lies against them, for such error.

This case distinguished from that of *Prosser* v. *Secor*, (5 *Barb.* 607,) which was the case of a person exempt from taxation, by statute.

APPEAL from a judgment of the county court, of Steuben county, reversing a judgment of a justice of the peace. The opinion of the court states the facts.

*J. W. Dininny*, for the appellant. I. The assessors had no jurisdiction to assess the appellant for personal property. There is certain personal property which is exempted by law from taxation, viz: 1. Property exempted by law from execution. (1 *R. S. 5th ed.* 906, § 5, *sub.* 9.) 2. The personal property, sufficient to pay all just debts. (1 *R. S.* 909, § 4, *sub.* 9.) It was the duty of the assessors to ascertain all the taxable property, real and personal, in their town or ward. (1 *R. S. 5th ed.* 909, § 8.) If the appellant had no personal property liable to taxation, the respondents had no jurisdiction to assess him for $1200. It is the property which gave the respondents power to act, and if the appellant had no property, then they had no jurisdiction or power to assess him. The respondents could not give themselves jurisdiction by deciding that they had it. (*Prosser* v. *Secor*, 5 *Barb.* 607.) The respondents did not proceed according to law, in determining whether they would reduce the assessment. They were required to reduce the examination to writing, and to indorse their determination thereon. (1 *R. S. 5th ed.* 912.) This was necessary to give them jurisdiction to decide whether or not the appellant's property was liable. They did not reduce their determination to writing. This was necessary. (*Id.*) Their decision was not binding upon the appellant. The respondents were not common law officers. They were bound to see that their acts were authorized by, and in pursuance of,

the statutes. (*Suydam* v. *Keys*, 13 *John.* 444. *Borden* v. *Fitch*, 15 *id.* 121. *Savacool* v. *Boughton*, 5 *Wend.* 170.) The respondents acted ministerially while ascertaining the names of the taxable inhabitants and property, and only acted judicially in fixing the value thereof. If the appellant had no personal property liable, there was nothing upon which to found a judicial determination. (*Mygatt* v. *Washburn*, 15 *N. Y. Rep.* 316.) The respondents were bound to know what property was liable, and what exempt. (*Prosser* v. *Secor*, 5 *Barb.* 606.) And they made themselves personally liable when they assessed the appellant for property that he did not possess. (*Id.*) Assessors are liable for assessing a person's personal property who is not a resident of the town or ward. (*Mygatt* v. *Washburn*, 15 *N. Y. Rep.* 316.)

II. The action was for a wrong, and the jury found in favor of the appellant. The verdict settles all of the questions of fact in this case. By their verdict they find that the appellant had no personal property liable to taxation; and that the respondents knew the fact, and wrongfully assessed the appellant for $1200. That they had no jurisdiction or power to assess the appellant for personal property; that they neglected to make the examination and decision in form of law. Their verdict is conclusive. (*Noyes* v. *Hewitt*, 18 *Wend.* 141. *Baum* v. *Tarpenny*, 3 *Hill*, 75. *Bennett* v. *Scutt*, 18 *Barb.* 347. *Rogers* v. *Ackerman*, 22 *id.* 134.) Unless this action can be maintained, assessors have the power of assessing any person in their town to any extent, and the person assessed has no redress. This doctrine should not be allowed to prevail.

*A. S. McKay*, for the respondents. I. The defendants had jurisdiction of the person, and to assess the property of the plaintiff. They were the duly and legally qualified and acting assessors of the town of Thurston, for the year 1864, and as such had jurisdiction to assess every resident of that town who owned and had in his possession real or personal property (not specially exempted by statute) subject to tax-

ation.    The plaintiff was a resident of that town during that year, and owned and had in his possession a large amount of both real and personal property liable to taxation. It appeared by his own testimony that he had more personal property, by $500, than he owed debts; and by other testimony in the case, it appeared that he had at least $1700 over the amount of debts he swore to, which was from $1000 to $1100.

II. The plaintiff made no legal application to the assessors to have their assessment of his personal property reduced or canceled. The statute requires such application to be made by the person claiming a reduction, to the assessors, who shall examine him under oath, and which examination shall be written, and shall be subscribed by the person examined, &c. (1 *R. S.* 912, *5th ed.*) The assessors in this case reduced the examination to writing, but the plaintiff did not subscribe the same. The statutory requirements being concurrent acts, the plaintiff must perform the part required of him, viz : (signing the examination) before he can allege that he has done sufficient on his part to entitle him to a reduction of his assessment.

III. Though a proper application be made to assessors to reduce a valuation fixed by them upon personal property, they are not in any way bound to put it at the amounts sworn to by the applicant, or to be governed by his affidavits, but are simply to fix the amount at such sum as they shall deem just, and may fix the valuation at an amount exceeding that sworn to by him. (*Laws of* 1851, *ch.* 176, *as amended by Laws of* 1857, *ch.* 536. 1 *R. S.* 912, *5th ed.*) And the assessors are even forbidden, by the statutes, from reducing the valuation, when the applicant " shall refuse to answer any questions concerning the value of his real or personal estate or the amount thereof," &c. Previous to the statute of 1851, (*ch.* 176, *as amended in* 1857, *ch.* 536,) if a proper affidavit was made by the applicant, it was the duty of the assessors to reduce the valuation accordingly ; but that affidavit must comply strictly with the statute, else the assessors might disregard it. (*See* 7 *Barb.* 142 ; 16 *id.* 250.) But now, although

it is their duty to examine "the person who applies to have the assessed value of his property reduced, the assessors are at liberty to fix the value at such sum as they deem just, notwithstanding such examination." There is "therefore no longer any check upon the powers of assessors in fixing the value of taxable property so long as they profess to follow the rule of valuation prescribed by statute." (16 *Barb.* 250.) "Like the verdict of a jury, the amount is not to be questioned." (*Id.* 248. 1 *Kern.* 573.)

IV. The assessors, in the performance of their duties, act judicially. (3 *Denio*, 117. 5 *Barb.* 607. 7 *id.* 142. 24 *id,* 422. 1 *Kern.* 573.) Where they have jurisdiction, their acts can not be attacked collaterally ; nor can the assessors be made liable in a civil action. (*Weaver* v. *Devendorf*, 3 *Denio*, 117. 7 *Barb.* 137.) "No public officer is liable in a civil suit for a judicial determination, however erroneous it may be, and however malicious the motive that produced it ;" and this principle is as old as "the common law itself." (3 *Denio*, 117. 7 *Barb.* 137.)

V. The judgment of the county court was right, and should be affirmed. Also for the reason that the justice erred in his decision upon the trial, in the reception and rejection of evidence, sufficiently to justify a reversal of his judgment.

VI. No question of fact was settled by the verdict of the jury, except that the plaintiff had some personal property liable to be taxed. They giving him a verdict of only $25, when the amount of tax paid by him, upon the assessment of $1200 personal property, was over $37. Thus deciding that the assessors erred only in amount of property assessed to him.

*By the Court,* JOHNSON, J. The action was brought by the plaintiff, against the defendants, who were the assessors of the town of Thurston, in Steuben county, for the year 1864, to recover the amount of a tax upon an assessment of $1200 of personal property, against the plaintiff, which assessment is alleged to have been wrongfully and unlawfully

made. The tax, on this assessment, was $36.82. The action was brought in a justice's court, where the plaintiff recovered a judgment for $25 dollars damages, besides costs, which judgment was reversed on appeal to the county court.

The case turns altogether upon the question whether the defendants, as assessors, had jurisdiction to assess the plaintiff for personal property, and continue such assessment upon the completed assessment roll. It appears, from the evidence, that at the time for reviewing the assessments for that year, the plaintiff appeared, and claimed to have the assessment against him for personal property, stricken from the roll, upon the ground that he was justly indebted, to an amount more than equal to the value of all the personal property owned by him. Upon this application, he was examined on oath by the assessors, touching the amount and value of personal property, and the amount of his indebtedness. One of the defendants, who acted as clerk, took down in writing the statements made by the plaintiff upon his examination, but the plaintiff did not sign them, nor offer to do so, but left and went home before the written examination was completed by such clerk. It appears, beyond all dispute, that the plaintiff owned, and had in his possession, considerably more than $1200 worth of personal property, which was liable to assessment and taxation against him, provided he was not indebted so as to entitle him to have the whole, or a portion, set off against such indebtedness, and deducted from the amount assessed. But it will be seen, by looking at the evidence in the case, that the plaintiff did nothing which entitled him to have the assessment for personal property stricken out, or any deduction made therefrom, on account of debts owing by him. The statute provides that the examination of the party, who applies to have the valuation reduced, shall be reduced to writing, and shall be subscribed by him. (*Sess. Laws of* 1857, *ch.* 536, § 6.) As he did not comply with the statute, he had no right to have the deduction claimed by him made, even had his examination shown him clearly

Vose *v.* Willard.

entitled to it. But this was very far from being the case. It appears that upon his examination he stated generally, that his personal property would not be more than sufficient to pay his debts. But upon being examined in respect to the amount he was owing, and the persons to whom he was indebted, he stated that he could not remember whom he owed ; that he was so confused he could not call to mind the persons he owed. Upon such an examination as this, had it been even properly reduced to writing, and signed, it would have been the plain and clear duty of the assessors to have disregarded it altogether, and indorsed it as "disagreed to," according to the statute. The very object of the examination is to ascertain what amount the applicant should be assessed for, according to law. If he claims to be indebted to a large amount, or any amount, and is unable to tell what persons he is owing, who his creditors are, and to what amount he is indebted to each, or near the amount, it would be quite safe for the assessors to assume, and to act upon the assumption, that the claim was a mere pretense to avoid the payment of his just and proper share of the public burthens. The assessors were certainly right in refusing to reduce the assessment, under the evidence before them, and would have been guilty of a clear breach of public duty had they acted otherwise.

They had jurisdiction to make the assessment, and when it was made, the statute gives them the right to retain it as made, and to disregard, and "disagree to," the written examination, if it shall not be satisfactory to them. This is plainly a judicial duty, and even if they err in its exercise, no action lies against them for such error. It is nothing like the case of a person exempt from taxation, by statute, as was that of *Prosser* v. *Secor*, (5 *Barb.* 607.)

The judgment of the justice's court was properly reversed by the county court, and the judgment appealed from must be affirmed.

[MONROE GENERAL TERM, December 3, 1866. *Welles, E. D. Smith* and *Johnson*, Justices.]