PEOPLE *ex rel.* DOUGLAS *v.* DYKES *et al.*, Assessors.

(*Supreme Court, General Term, Second Department.* May 9, 1892.)

TAXATION—ERRONEOUS ASSESSMENT—DUTY OF ASSESSORS.
    Where the evidence adduced before the assessors of a town shows that the debts of a taxpayer exceed the value of his personal property, and is uncontradicted, they must strike out the assessment, and cannot arbitrarily disregard such proofs because the taxpayer failed to attend before them.

Appeal from special term, Queens county.

*Certiorari* on the relation of William P. Douglas to review the action of Joseph Dykes and others, assessors of the town of Flushing. From a judgment reversing their decision defendants appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Benjamin W. Downing,* for appellants. *Howard A. Sperry,* for respondent.

DYKMAN, J. This is a proceeding by *certiorari* to review the action of the assessors of the town of Flushing, in Queens county, in assessing the relator for personal property. For the year 1890 they assessed the relator for $30,-000 of personal property, and at the proper time his attorney in fact appeared before the assessors, and made objection to the assessment. and furnished proof that the debts of the relator exceeded the value of his property. There

was no proof to the contrary, and no inconsistency in the testimony, and no evidence from which the assessors could infer any fraudulent effort to escape taxation. Yet the assessors refused to strike out the assessment, and this proceeding was instituted to reverse their action. It was decided at the special term that the assessment was illegal, and the defendants have appealed from the order made under that decision. We think the action of the assessors was erroneous, and the order reversing the same was properly made. The question involved here has often been presented to the courts of this state, and the result of all the decisions is that where the evidence adduced before the assessors stands uncontradicted, and the facts are undisputed, they must base their action upon it, and are not at liberty to disregard it. *People* v. *Ferguson,* 38 N. Y. 92; *People* v. *Reddy,* 43 Barb. 544; *People* v. *Howland,* 61 Barb. 284; *People* v. *Ryan,* 88 N. Y. 142. These defendants possessed no arbitrary or inquisitorial power. They were clothed with no authority to require the personal attendance of the relator before them, and ignore his proofs because he failed to attend. The question before them was not one which the statute submits to their judgment, or of which they can be presumed to have any personal cognizance. On the contrary, it was a question to be determined by testimony, and in its decision the defendants acted judicially, and had no authority to arbitrarily disregard the evidence. It was their duty to deduct the just debts owing by the relator from the value of his taxable personal property, and, when the evidence showed that the former was more than the latter, they could make no assessment against him. The relator was entitled to the benefit of this statutory provision, and the determination of the defendants to assess him for personal property, notwithstanding the evidence he furnished them, was arbitrary and illegal, and the order reversing their action was right, and should be affirmed, with $10 costs and disbursements. All concur.