THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTORIA A. GREEN, Appellant, v. IRA W. HALL and Others, Assessors of the Village of Canisteo, Steuben County, N. Y., and Another, Respondents.

*Assessment for taxation — application to reduce — burden of proof — duty of assessors — extent of the examination of the applicant.*

The burden is upon a petitioner, attempting to obtain from assessors a review of their determination fixing the amount of her assessment for personal property, to make it appear that the relief sought should be granted by the assessors.

The duty of assessors, in fixing and determining the amount of the personal property of an individual subject to taxation, is judicial in character, and in its exercise the assessors are not to act capriciously or arbitrarily, nor are they to be controlled by suspicion or belief founded on hearsay, or on their views derived therefrom, but they should be governed by evidence.

There may, however, be cases where the value of an individual's personal property is ascertained upon an assumed basis of estimate, and then, in determining whether the conclusion of value is correctly represented by the evidence, the assessors may properly, and should, exercise their knowledge and judgment upon the subject.

Upon the examination of a person before assessors for the purpose of reducing the amount of her taxable personal property, as fixed by the assessors, inquiry is pertinent as to the disposition she has made of the proceeds of personal property previously owned by her as bearing upon the value of her assessable personal property at the time of the assessment, and if such applicant refuses to answer any question asked her, touching the value or amount of her personal property, with a view to ascertaining the assessable value thereof, the assessors are permitted to treat her evidence as insufficient to require the reduction of her assessment; freedom of inquiry is allowable, and the extent of it must mainly be left to the judgment and discretion of the assessors, and the circumstances which justify the extension of such an examination, beyond ordinary inquiries, are for them, acting in good faith, to determine.

It is the duty of persons assessed to submit to the assessment of their assessable property and to pay their due proportion of the taxes for the support of the institutions governmental and educational.


APPEAL by the relator, Victoria A. Green, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Steuben on the 29th day of June, 1894, quashing the writ of certiorari theretofore granted to the relator.

*Eli Soule*, for the appellant.

*A. M. Burrell* and *Frank H. Robinson*, for the respondents.

Haight, J. :

In May, 1894, the relator was by the defendants assessed for real estate $2,075, and for personal property $2,000. Her alleged grievance relates to the assessment for personal property. She appeared before the assessors May twenty-ninth, and claimed that she was not assessable for such property, and subscribed and verified by her oath answers to a list of questions furnished to her by them. Her statement so made was to the effect that she had no assessable personal property exceeding three dollars. This was not satisfactory to the assessors, and pursuant to their request she came before them again on May thirty-first, and was further examined on oath as to what disposition she had made of the proceeds of some mortgages which she had owned some years before, and, amongst other things, she answered : "I can't or I won't answer where I invested money received on mortgages." In her petition she states that she soon thereafter examined her papers, refreshed her recollection about the past transactions, and on June fourth caused application to be made to the assessors for a further hearing, which was denied. The reason given for the declination in their return to the writ is, that they had completed their duties, " and the petitioner had had a full and ample hearing."

It is urged on the part of the relator :

(1) That the prayer of the petitioner should have been granted.

(2) That, at all events, the writ should not have been quashed. The statute provides that when a person shall apply for the reduction of his assessment it shall be the duty of the assessors to examine him under oath touching the value of his property and thereupon fix the value thereof at such sum as they may deem just, and if he shall refuse to answer any question as to the value of his property or the amount thereof, or to present sufficient supplementary evidence under oath to justify reduction, the assessors shall not reduce the value. (Laws 1857, chap. 536, § 5.)

The burden is with the petitioner to make it appear that the relief sought should be granted by the assessors. (*People ex rel. Osgood* v. *Comrs.*, 99 N. Y. 154.)

The duty of making a determination of this kind is judicial in character, and in its exercise the assessors are not to act capriciously or arbitrarily, nor to be controlled by suspicion or belief founded on hearsay, or their views derived from it, but should be governed by the evidence. (*People ex rel. Raplee* v. *Reddy*, 43 Barb. 539; *People ex rel. Douglas* v. *Dykes*, 45 N. Y. St. Repr. 621; 19 N. Y. Supp. 78; *People ex rel. Am. L. T. Co.* v. *Howland*, 61 Barb. 273; *People ex rel. Glens Falls Ins. Co.* v. *Ferguson*, 38 N. Y. 89, 92; *People ex rel. Mann* v. *Peterson*, 16 Wkly. Dig. 70.) There may, however, be cases where the value is ascertained upon an assumed basis of estimate. Then, in determining whether the conclusion of value is correctly represented by the evidence, the assessors may properly and should exercise their knowledge and judgment upon the subject. (*People ex rel. W. F. I. Co.* v. *Davenport*, 91 N. Y. 574; *People ex rel. A. C. & D. Co.* v. *Wemple*, 129 id. 558.) This case, in its nature, is such that it is not supposed that they had any actual knowledge of the extent or amount of the personal property owned by the relator at the time in question.

And if they had accepted without further examination the proof furnished by her on the first day of her appearance before them the assessors would have fairly been required to reduce the assessment of the relator's personal property. (*Matter of Corwin*, 135 N. Y. 245.) But when she again appeared at their request they sought to further examine her under oath as to the disposition she had made of the proceeds of personal property previously owned by her.

This was pertinent only as it might bear upon the value of her assessable personal property at the time of the assessment. For that purpose they were justified in making reasonable inquiry on the subject. This evidently was one object in view, and intended by the statute before mentioned as amended in 1857. And by it, as it has been observed, it was provided that if the applicant for reduction refuses to answer any question as to the value or amount of his property, the assessors shall not reduce it. The value there referred to is the assessable value. And with a view to ascertaining it some freedom of inquiry is allowable, and the extent of it must mainly be left to the judgment and discretion of the assessors. (*Vose* v.

*Willard,* 47 Barb. 320; *People ex rel. Mercer* v. *Maynard,* 58 N. Y. St. Repr. 546 ; 28 N. Y. Supp. 141; 7 Misc. Rep. 295.)

It is the duty of persons to submit to the assessment of their assessable property, and to pay their due proportion of the taxes for the support of the institutions governmental and educational. It is by that means that the system for public protection of persons and property is provided and sustained. And while the assessors cannot be permitted to exercise inquisitorial power to gratify curiosity, or to serve a purpose not legitimately in view, the circumstances which may justify the extension of an examination beyond the ordinary inquiries are for them, acting in good faith, to determine. It cannot well be said that in their examination of the relator they exceeded the bounds of propriety, and as she refused to answer a question asked her touching the value or amount of her personal estate, the assessors were permitted to treat her evidence as insufficient to require the reduction of the assessment. But the inference is permitted that she was unable to answer such questions, and as she sought the opportunity to make a further statement and supply the omission in her examination, and it was denied to her by the assessors for the reason stated in their return to the writ, the relator may by the court properly have been permitted to add further evidence on the hearing. (Laws 1880, chap. 269, § 4; *People ex rel. U. & D. R. R. Co.* v. *Smith,* 24 Hun, 66.) It is very likely that such direction may have been given by the court if it had been asked for. But as it does not appear by the record that any such request was there made, the court on this review is not deemed called upon to award a rehearing at the Special Term for such purpose. The quashing of the writ added nothing substantial to the denial of the prayer of the petitioner.

The order should be affirmed, without costs of this appeal to either party.

Dwight, P. J., Lewis and Bradley, JJ., concurred.

Order appealed from affirmed, without costs of this appeal to either party.