The judgment of conviction of the County Court of Queens county should be reversed and a new trial ordered.

MILLS, RICH, PUTNAM and KELLY, JJ., concur.

Judgment of conviction of the County Court of Queens county reversed and new trial ordered.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRED H. HAILE, Appellant, *v.* FRANK B. BRUNDAGE and Others, as Assessors of the Town of Clare, in the County of St. Lawrence and State of New York, Respondents.

Third Department, January 5, 1921.

Taxation — review of assessment of property including mineral deposits — assessment sustained — presumption as to validity of assessment — burden of proof — when determination of assessors will not be disturbed — determination of value and amount of property where evidence leaves matter in doubt — assessors not limited by rules of evidence — question as to inequality not presented — costs under Tax Law, section 294.

In a proceeding to review the assessment of property including separate mineral property in which a referee was appointed, *held*, that the relator has neither overcome the presumption that the assessment is correct and that the assessors did their duty nor met the burden of proof to show that the assessment is erroneous.

The determination of assessors will not be disturbed unless it clearly appears that injustice has been done the relator and that the assessment does not represent the fair value of the property assessed.

If the evidence leaves the matter in doubt, it is the province of the assessors to determine the value and amount of property liable to taxation.

The assessors in seeking information to determine the amount of an assessment are not limited to the rules of evidence prevailing in courts.

The papers and evidence in this case do not present any question as to inequality which the court was called upon to decide.

Assessors are entitled to costs and disbursements under section 294 of the Tax Law where the assessment is sustained.

APPEAL by the relator, Fred H. Haile, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of St. Lawrence on the 28th day of August, 1918, on the decision of the court rendered after a trial at the St. Lawrence Special Term, and also from an order entered in said clerk's office on the 28th day of August, 1918.

*James C. Dolan,* for the appellant.

*G. T. Chaney* [*Thomas Spratt* of counsel], for the respondents.

Determination unanimously confirmed, with fifty dollars costs and disbursements, on the opinion of VAN KIRK, J., at Special Term; JOHN M. KELLOGG, P. J., not sitting.

The following is the opinion delivered at Special Term:

VAN KIRK, J.:

In this proceeding to review the assessment of the relator's property, a referee was appointed to take the evidence and report the same to the court, with his findings of fact and conclusions of law, which shall constitute a part of the proceedings, upon which the determination of the court shall be made. (Tax Law, § 293, as amd. by Laws of 1909, chap. 330; Laws of 1911, chap. 302; Laws of 1916, chap. 323, and Laws of 1920, chap. 643.) Such reference is to inform the conscience of the court, which can adopt the referee's findings or disregard them and draw its own conclusions. (*Marshall* v. *Meech,* 51 N. Y. 140.) The findings of the referee are a part of the proceedings, upon which the court shall make its determination; it may accept the findings in part and in part make its own findings. The presumption is that the assessment is correct and that the assessors did their duty. (*People ex rel. Kellogg* v. *Wells,* 101 App. Div. 600, 603.) The burden is on the relator to show clearly that the assessment is erroneous. (*People ex rel. Jamaica W. S. Co.* v. *Tax Comrs.,* 196 N. Y. 39; *People ex rel. Green* v. *Hall,* 83 Hun, 375.) The determination of the assessors will not be disturbed, unless it clearly appears that injustice has been done the relator, and that the assessment does not represent

the fair value of the property assessed. (*People ex rel. West F. I. Co.* v. *Davenport,* 91 N. Y. 574.) If the evidence leaves the matter in doubt, it is the province of the assessors to determine the value and amount of property liable to taxation. (*People ex rel. Osgood* v. *Comrs.,* 99 N. Y. 154; *People ex rel. B. E. M. Co.* v. *Wemple,* 129 id. 543, 558; *People ex rel. P. R. R. Co.* v. *Comrs. of Taxes,* 104 id. 240; *People ex rel. R., W. & O. R. R. Co.* v. *Haupt,* Id. 377, 381.) In *People ex rel. R., W. & O. R. R. Co.* v. *Haupt* (104 N. Y. 377, 381), the court, after speaking of the conflicting evidence as to value and the opinions of experts, said: " Back of all that remained the observation and judgment of the assessors." Courts are not called upon to draw over-fine distinctions. Assessors generally are not experts on values; and the value of property often involves elements of uncertainty. The best experts vary widely in estimating values of property. The assessors, in seeking information and determining the amount of an assessment, are not limited to the rules of evidence prevailing in courts; they acquire information from observation, from hearsay, from inquiries and from the opinions of others. Proceedings to review taxes are always difficult for the courts, and this case contains an element of unusual difficulty. Ore is buried under the land surface; even when a mine is worked beyond the openings and workings the ore is concealed. Experienced men, who know the rocks and the natural deposits of ore and the relations and conditions under which it is usually found in paying quantities, can make a better estimate of the extent of the deposit, where and how its richness will vary, and its value, than can the inexperienced and the unlearned; but there must be some conjecture in fixing the value. Yet minerals may be conveyed separate from the soil, and held as a separate property. They may have a value and are assessable; in fact, they constantly are assessed. The assessors were called upon to fix the true value of this separate mineral property and to assess it. It is not a valid objection, in estimating the value of mines and minerals, that the value is somewhat conjectural. (*State* v. *Moore,* 12 Cal. 56.)

I have examined the evidence in the case and am constrained to hold that the relator has not in this case met the

burden of proof. Upon the question of value, the tendency of the relator's evidence was to show that it is impossible to say what its value is. The one expert, Mr. Moore, examined for the relator testified that in his opinion no man could form a just estimate of the value of the property. The relator did not attempt by any evidence to fix the real value, nor did he claim the property had no value. The evidence, taken as a whole, seems to me to uphold, rather than overthrow, the assessment made.

Apparently the referee has concluded that it is not necessary in this case for the relator to meet the burden of proof and overcome the presumption that the assessment is right; but rather that the assessors must meet the burden of proof. The able referee has evidently given careful consideration to the evidence in the case, but in this conclusion I think he fell into error. The evidence does not show that the assessors overvalued the property, and their estimate must stand.

The referee properly has not passed upon inequality in valuation. I do not think the papers and evidence in the case present any question as to inequality which the court is called upon to decide. The defendants are entitled to costs and disbursements (as provided in the Tax Law, § 294) against the petitioner.