In the Matter of BELL AIRCRAFT CORPORATION, Petitioner, against BOARD OF ASSESSORS OF CITY OF BUFFALO, Respondent.

Supreme Court, Special Term, Erie County, December 2, 1953.

*Horace C. Winch* for petitioner.

*Fred C. Maloney, Corporation Counsel* (*Abraham I. Okun* of counsel), for respondent.

R. O'BRIEN, J. This is a motion by Bell Aircraft Corporation (a) to consolidate three separate proceedings to review tax assessments for the years 1951, 1952 and 1953, and (b) to examine the assessors and their records before trial, under either section 288 or section 292-a of the Civil Practice Act. There is no objection to the consolidation of said proceedings and an order to that effect has already been signed.

The board of assessors object to the granting of an order requiring them to submit to the requested examination before trial as to the following matters:

(1) All relevant and competent facts and circumstances with reference to the 1951, 1952 and 1953 assessments of the real property of petitioner and more particularly described in the application, and (2) the manner in which the board of assessors computed the assessments of said property.

The application as to inequalities was abandoned on the argument of the motion.

The board also objects to the granting of an order under section 324 of the Civil Practice Act which would require them to produce and discover the 1951, 1952 and 1953 assessment rolls, together with all books, papers or reports containing information concerning the matters involved in the several proceedings.

It is the petitioner's contention that the sections of the Civil Practice Act in question should be interpreted liberally in favor of the taxpayer, especially section 292-a as amended in 1942. This section permits the court, '' in its discretion '', to order '' that the testimony of one or more of the officers, agents or employees '' of a public corporation which is a party to an action, '' be taken by deposition '' where such testimony '' is material and necessary ''. Prior to the 1942 amendment of section 292-a, an examination before trial of a municipal corporation was not authorized (*Wolk* v. *City of New York*, 37 N. Y. S. 2d 352).

The right to an examination before trial of a municipal corporation, under some circumstances, has been upheld by the courts in several cases since the amendment of 1942, but no decision has been cited to me which granted an examination of the members of a board of assessors or any board or body, performing similar duties.

The examinations which have been permitted were mostly in connection with negligence actions (see *Wolk* v. *City of New York, supra; Mitchell* v. *City of New York,* 178 Misc. 212, affd. 264 App. Div. 753 and *Deutsch* v. *City of New York,* 200 Misc. 864).

There is no similarity between a negligence action and the proceedings involved in this motion. Under section 8 of the Tax Law '' All real property subject to taxation shall be assessed at the full value thereof.''

The department of assessment of the City of Buffalo is created by sections 150–161, both inclusive, of the Charter of the

City of Buffalo, of which the court may take judicial notice under section 32 of the City Home Rule Law.

Under section 150 of the charter the board of assessors are the head of the department of assessment. The duties and powers of the board of assessors are covered by section 152. They are specifically charged with the duty of valuing and assessing property within the city for taxation "for city, county and state purposes." In addition the board is given "such powers and duties as are conferred upon it by this act or by any local law or ordinance or by any general law." Thus the board of assessors is charged with the duty of putting into effect the provisions of section 8 of the Tax Law.

The duty of making the type of determination mandated by the Tax Law "is judicial in character, and in its exercise the assessors * * * should be governed by the evidence" (*People ex rel. Green* v. *Hall,* 83 Hun 375, 377). In the case of *People ex rel. Haile* v. *Brundage* (195 App. Div. 745, 747), the court states "If the evidence leaves the matter in doubt, it is the province of the assessors to determine the value and amount of property liable to taxation" and at page 746 "The determination of the assessors will not be disturbed, unless it clearly appears that injustice has been done the relator, and that the assessment does not represent the fair value of the property assessed."

The test is not the formula used but the fairness and reasonableness of the board's conclusion. The result, not the method, is controlling.

I do not believe that the legislative reason for enacting more liberal provisions of the Civil Practice Act relative to pretrial procedure should be expanded, under the guise of liberality in construction, to include an intent to authorize pretrial examination of quasi-judicial officers as to the mental processes and formula used in arriving at their final determination as to the taxable value of a parcel of real property.

Motion, other than to consolidate proceedings, is denied.