Charles B. Brasser, J.
Respondent moves this court for an order directing the petitioner by its president or other qualified officer to appear before a referee and testify with respect to certain matters allegedly relevant which are set forth in detail in the notice of motion. Petitioner erected in the city of Geneva a shopping center which was open for business in February, 1957. *943 Subsequently the board of assessors of the City of Geneva assessed the premises for tax purposes in the amount of $1,000,-000. Thereafter on the first grievance day held pursuant to section 27 of the Tax Law, petitioner appeared by its president and attorney and was duly sworn and examined generally with reference to the cost of the project, including the relevant facts connected therewith.
The board of assessors declined to decrease the assessment and this proceeding for a review of the same was instituted.
Petitioner opposes the motion on the ground that the data now sought was available to the assessors on grievance day or at least could have been obtained; that the assessors must have arrived at a formula for the assessment and therefore do not need the information now sought; that* at least one member of the board of assessors had full knowledge of the fiscal facts of the project since he acted as agent or realtor at the time of the acquisition of the property by the petitioner; that since the petitioner appeared on grievance day, was sworn and testified, and the examination reduced to writing, there are no special or peculiar circumstances which justify the proposed examination.
It is conceded that the assessment so made was the first since the property was improved and leased.
Respondent relies primarily upon Matter of Hunt Foods v. Basinait (4 A D 2d 1002). Therein the board of assessors of the Town of Albion in Orleans County sought to examine respondent and its employees pursuant to section 288 et seq. of the Civil Practice Act respecting costs of materials and labor and other relevant facts in connection with the construction of side tracks servicing petitioner’s industry. Appellate Division, Fourth Department, reversing Special Term, held “ that under the peculiar circumstances disclosed concerning the acquisition of the property in question, the appellant tax authorities have shown ‘ special circumstances ’ justifying the right to examine before trial”, and rejected respondent’s contention that the provisions of section 27 of the Tax Law are exclusive and that the examination sought is not authorized.
Do special or peculiar circumstances exist herein permitting the examination sought by respondent?
It appears to this court that such circumstances do, in fact, exist. The hearing on grievance day was in nature pro forma. The board of assessors were not represented by counsel skilled in examining petitioner’s officer as to all facts pertinent to the proceeding. It was unknown at the time that a certiorari proceeding would be commenced by petitioner, requiring the employment of experts by the board, or that such experts could *944 not reasonably appraise the premises without specific data as to cost, rentals, etc. The premises as improved never having been previously assessed, and there existing in Geneva no comparable structures, the board had no local basis for comparable evaluation.
For all reasons hereinbefore assigned and because of the liberality now prevailing generally in relation to pretrial examinations, this motion must be granted.
The learned referee should have available all competent data as it affects the value of the premises in question. Only in this way can he intelligently determine the issues.
The pending proceeding is not a game wherein its success is dependent upon the sharpest wit or most adroit or resourceful strategy. A full and complete disclosure of all relevant facts on the part of both litigants is imperative.
The motion is granted. The order may provide for the examination of petitioner’s president or other qualified officer at a place and time to be agreed upon by counsel for petitioner and respondent. For that purpose, Walter Putziger, attorney of Geneva, New York may be appointed referee. If opposing counsel cannot agree as to the time and place of examination, the order shall be settled in this regard by the court.
The order may provide that the witness shall be examined as to specifications denominated “a ”, “ b ”, “ c ”, and “d” of the notice of motion herein. Examination of the witness pursuant to specification “ e ” is not required since the recorded mortgage will state the principal sum secured, and the amount contributed by various stockholders and others towards the ultimate cost is immaterial on the question of present valuation.
Submit order accordingly.