Donald S. Taylor, J.
This is a proceeding to review petitioner’s tax assessment for the year 1961. The respondents move pursuant to section 288 et seq. of the Civil Practice Act to examine petitioner before trial and for discovery and inspection. He resists on the grounds that such an examination is not authorized in the absence of a showing of special circumstances and objects to the subject matter of the first specification of the notice of motion which seeks inquiry in respect to the petitioner’s theory of valuation and the facts which make it applicable to the instant parcel under review. He also cross-moves to examine respondents before trial.
As the basis for the right to the relief sought, respondents rely on Matter of Hunt Foods v. Basinait (4 A D 2d 1002, motion for leave to appeal denied 5 A D 2d 967) and Matter of Town & Country Plaza v. Board of Assessors of City of Geneva (10 Misc 2d 942). These cases referred to the existence of special circumstances which justified the right to examine a petitioner before trial in a tax review proceeding. The latter added as an additional ground for the exercise of judicial discretion ‘1 the liberality now prevailing generally in relation to pretrial examinations ” (p. 944). An examination of the decision in Hunt Foods persuades me that its reference to the peculiar circumstances disclosed there should be regarded as sui generis and was not intended to retard the salutary decisional trend of recent years toward the extension and greater liberalization of the pretrial practice. In any event there is ample authority for the examination sought and the exercise of judicial discretion is not prohibited. (Del Ra v. Vaughan, 2 A D 2d 156; Wilhelm v. Abel, 1 A D 2d 55; Matter of Rakov v. Gingold, 23 Misc 2d 725; People ex rel. Glasier v. Glasier, 1 Misc 2d 650; Hackett v. Reed, 207 Misc. 311, affd. 285 App. Div. 905; De Maria v. Guidusek, 186 Misc. 340; Civ. Prac. Act, §§ 308, 1306.)
*187 I conclude that respondents are entitled to examine petitioner, or his agent, before trial on a proper specification of the matters of inquiry and to the production of relevant books and papers pursuant to section 296 of the Civil Practice Act.
Respondents seek to examine petitioner as to the following matters: “ 1. Petitioner’s theory of valuation whether original cost, reconstruction cost less depreciation, capitalization of income, comparable sales, sales price of parcel itself or opinion evidence, together with the facts making said theory applicable to the subject parcel. 2. Dimensions and description of the land involved, together with a complete detailed description of the improvement thereon, if any. 3. Details of the acquisition of petitioner’s interest in said property and the incumbrances thereon. 4. Income and expense figures, if property is rented and the terms of rental. 5. Depreciation claimed and its computation.” The first item is objectionable. Petitioner may not be examined in respect to the theory of valuation upon which he will rely at the trial. (Cherhit v. General Lbr. Corp., 12 A D 2d 637.) The other specifications, although somewhat cast in unorthodox form, actually seek facts relevant to the issue of the value of the premises described in the petition. Hence, they are proper. The items enumerated in the notice of motion are modified accordingly. (Myers v. New York Gent. R. R. Co., 277 App. Div. 745.)
The cross motion is denied. (Matter of Bell Aircraft Corp. v. Board of Assessors of City of Buffalo, 204 Misc. 951.) While I agree with the rationale of the Special Term that assessors act in a quasi-judicial capacity and should not be examined before trial as to the mental processes and formulae used in arriving at their determinations (People ex rel. Haile v. Brundage, 195 App. Div. 745), there is an additional predicate for the denial of the petitioner’s application to examine respondents. It is common knowledge and a proper subject of judicial notice that in each year hundreds of proceedings are brought to review the municipal tax assessments levied by the City of Troy and that presently there remain pending and undetermined a substantial accumulation of those instituted in prior years. The respondent Commissioner is charged with the duty to ascertain yearly, by diligent inquiry, all of the real property located in the city and the names of the owners thereof; to prepare the assessment roll and to perform other duties mandated by the statute, some of which are governed by fixed time limitations. To subject him to examinations before trial in this context would palpably impede the proper performance of his statutory duties. 1 £ Municipal officers are servants of the public, and their time *188 should he devoted to the performance of their public duties, and they should not unnecessarily be required to appear for examination with respect to litigation by or against the city, even if there be authority therefor.” (Uvalde Asphalt Paving Co. v. City of New York, 149 App. Div. 491, 495.) It is difficult to conjure up any rational basis which would warrant the examination of the members of the respondent board who had nothing to do with the preparation of the assessment roll and acted only in a quasi-appellate capacity on grievance days.
Finally, a bill of particulars is not an adequate substitute for an examination before trial and does not perform the same office. (Sasson v. Lichtman, 277 App. Div. 1060; Fitzgerald v. Primmer, 1 Misc 2d 403.)
The examination, including the discovery and inspection, will proceed before an officer at a time and place to be fixed in the order to be entered hereon if the parties cannot agree thereto.