Carlton A. Fisher, J.
This is a tax review proceeding involving the question as to whether a low-lift pumping station, an improvement erected by the Miagara County Water District *479 in the Town of Grand Island, which is outside the water district, is exempt from taxation under section 272 of the County Law relating to water districts.
There is little dispute as to the facts, the attorneys for the respective parties having stipulated:
1. Niagara Comity Water District is the owner of a low-lift pumping station in the Town of Grand Island, said premises having been completed prior to July 1,1963.
2. Said property is situate entirely within the Town of Grand Island and County of Erie.
3. Niagara County Water District is situate within the County of Niagara and its boundaries are entirely within the legal boundaries of Niagara County.
4. That on or before July 1, 1963, the Board of Assessors of the Town of Grand Island assessed the low-lift pumping station in the total amount of $10,030.
5. That on or about the 16th day of September, 1963, the Niagara County Water District served a petition of notice in this proceeding with the Town Clerk of the Town of Grand Island and the Board of Assessors of said town.
6. That said petition and notice were based on the Niagara County water authorities’ position that they were exempt from real property taxation pursuant to section 410 of the Real Property Law and former section 271 of the County Law (now § 272).
It was further stipulated that the Niagara County Water District comprises the entire County of Niagara with the exception of the Cities of Niagara Falls, North Tonawanda, Lockport, Village of Lewiston and the Village of Youngstown, and that during the construction of the Niagara -County Water District and on November 14, 1960, the Town of Grand Island and the Niagara County Water District entered into a contract in which the Niagara County Water District agreed to furnish water to the water districts in Town of Grand Island and the Town of Grand Island agreed to purchase water from the Niagara County Water District. As heretofore stated, the Town of Grand Island is located outside the territorial limits of the Niagara County Water District, the boundary line being the Niagara River.
The Niagara County Water District has furnished water to ■the water districts of the Town of Grand Island since the year 1961. The first tax bill received by the Niagara County Water District for the low-lift station was in the year 1964,
*480 As to whether or not the taxes should he assessed by Grand Island against the Niagara County Water District requires an interpretation of section 272 of the County Law, which provides as follows: “ § 272. Taxation of district property. All real property acquired for the purposes of the county district shall be acquired in the name of such county district. Beal property acquired in the name of the county district shall be assessed for the purposes of taxation at the value thereof exclusive of improvements erected or installed by or on behalf of such county district, but in no case at less than the assessed valuation at the time of acquisition by such county district. Except as provided above, such real property shall be valued on an equitable basis with other comparable real property in the district. ” (Added by L. 1963, ch. 1018, § 1, eff. Sept. 1, 1963.)
This section is very clear and states that the real property shall he assessed exclusive of improvements, and this language does not make any exceptions for property outside of the territorial limits of the district itself. It does, however, state, “ except as provided above, such real property shall be valued on an equitable basis with other comparable real property in the district.” The exception of this relates only to real property and does not relate to improvements.
The State Comptroller in his .opinion 60-928 and under the date of December 14, 1960, stated as follows: “ Conclusion: The sewage disposal plant of a county sewer district which is located outside the boundaries of the district is entitled * * * to the exemptions provided for in County Law § 297 ’ ’ (now § 272). (16 Op. St. Comp., 1960, p. 475.)
Again in opinion 61-185, dated March 29, 1963, the State Comptroller stated: “ There is no authorization under the law for a municipality to tax solely the improvements erected by or for the district. * * * Although the district’s improvements may not be taxed, its real property may be * * ” (17 Op. St. Comp., 1961, p. 104.)
The Town of Grand Island apparently followed those decisions until the year of 1964, at which time the Counsel of the State Board of Equalization and Assessment rendered an informal opinion in which he claimed that the property in question would be considered for taxation. There appears to be no substantial basis for this opinion under the facts conceded in this case and, under section 272 of the County Law, the property in question should not be taxed, because of the exemption contained therein.