James H. O’Connor, J.
This decision pertains and has reference to three separate applications for review under article 7 of the Real Property Tax Law of assessments entered on the assessment rolls of the various respondents upon property of the petitioner, the Onondaga County Water District.
The petitioner, hereinafter called the District, is a county improvement district comprising a large portion of the County of Onondaga and established pursuant to and in compliance with article 5-A of the County Law for the purpose of developing Lake Ontario as a source of ivater supply for Avholesale distribution and for the construction of facilities therefor for the benefit of the inhabitants of said District. In each of the respondent toivns the District held certain real property with improvements thereon. In the Toavti of Oswego the District owned three parcels of land Avith improvements thereon, which parcels Avere assessed by the Town of Oswego for the land and the improvements thereon. One was in the amount of $52,462.08, the second in the amount of $14,398.56 and the third in the amount of $1,260,000.
In the Town of Volney the District owned two parcels of land with improvements thereon, one of Avhich Avas -assessed for $506,000 by said town.
In the Town of Minetto the District held a parcel of land upon which was contained 20,064 feet of water pipeline which Avas assessed by said town for $130,740.
All of the respondents are towns within the County of Oswego, a county contiguous to Onondaga County within whose geographical bounds the District was created.
*482 In each of the above applications the District seeks a direction from the court, that the improvements included in the above-mentioned assessments are exempt from taxation pursuant to section 272 of the 'County Law which states as follows: “Real property acquired in the name of the county district shall be assessed for the purposes of taxation at the value thereof exclusive of improvements erected or installed by or on behalf of such county district, but in no case at less than the assessed valuation at the time of acquisition by such county district. ”
Since the assessments afore-mentioned include the improvements it is the petitioner’s contention that the assessments are erroneous according to law and must be vacated and set aside by virtue of the exemption contained in the above statute.
It is the respondents’ contention that the exemption contained in section 272 of the County Law pertains solely to real property owned by special districts which property is located within the boundaries of said district. In other words, the exemption would pertain to improvements placed upon real property owned by the special district so long as the property to which the exemption inures is geographically within the geographic lines of the district itself. Thus they argue that the exemption does not apply to any property owned by the district or held by the district outside the district’s boundaries. Since the assessments sought to be reviewed here are in Oswego County, which is outside the district’s boundaries, it is the respondents’ contention that the exemption contained in section 272 of the County Law does not apply.
The problem facing this court is to determine the meaning of section 272 of the County Law. Although this court has been unable to find any legislative history which would indicate the Legislature’s intent in enacting the statute in question, it is the court’s opinion that reference must be made to section 410 of the Real Property Tax Law and that both sections must be read together for proper interpretation.
•Section 410 of the Real Property Tax Law states as follows: “ Real property owned by a special district, or the property owners therein, within its boundaries used exclusively for the purpose for which such district was established shall be exempt from taxation and exempt from special ad valorem levies and special assessments to the extent provided in section four hundred ninety of this chapter, except as otherwise provided in sections two hundred seventy-one, two hundred ninety-seven and two hundred ninety-nine-i of the county law. ” (L. 1958, ch. 959, eff. Oct. 1, 1959.)
*483 This statute provides that property of a special district, ‘ ‘ within its boundaries ’ ’ is exempt from taxation except as provided in section 272 of the County Law. While section 410 of the Beal Property Tax Law refers to section 271, section 297 and section 299-i of the County Law, these sections have now been incorporated into section 272 of the County Law with which we are dealing.
In reading these two statutes together it is apparent that section 272 of the County Law is a limitation on the exemption contained in section 410 of the Beal Property Tax Law. In other words, section 272 of the County Law allows the exemption only as to the improvements and not as .to the land as well. Since section 410 of the Beal Property Tax Law specifically refers to that real property located within the boundaries of a special district it would be straining legal construction to hold that section 272 of the County Law, which is a limitation, applies to property of a district located beyond its boundaries.
Therefore, it is this court’s decision that section 272 of the County Law does not grant an exemption on the District’s improvements located on property without the District’s boundaries. As to such improvements, there is no exemption either as to land or the improvements thereon. Therefore, the application of the petitioner is denied on all three applications and the assessments sought to be reviewed shall stand on the issue decided herein.
This court is not unmindful of the 1964 Supreme Court decision of Niagara County Water Dist. v. Board of Assessors of Town of Grand Island (55 Misc 2d 478) decided by Honorable Carlton A. Fisher, Justice of the Supreme Court, on September 18, 1964. However that case was based solely on section 272 of the County Law, whereas section 410 of the Beal Property Tax Law was not considered. The court based its holding on two opinions of the Attorney-General which had subsequently been withdrawn. Therefore, the above decision is not followed herein.