In the Matter of the NIAGARA COUNTY WATER DISTRICT, Appellant, *v.* BOARD OF ASSESSORS OF THE CITY OF LOCKPORT, Respondent.

Fourth Department, April 8, 1971.

*Fogle, Andrews, Pusateri, Brandt, Shoemaker & Higgins* (*Anthony L. Pusateri* of counsel), for appellant.

*Peter P. Corrallo, Corporation Counsel,* for respondent.

DEL VECCHIO, J. P. The Niagara County Water District appeals from a dismissal of its petition to review an assessment of its property by the assessors of the City of Lockport and to have the property declared tax exempt.

This proceeding was instituted pursuant to article 7 of the Real Property Tax Law to examine an assessment at $17,500 of a water line owned by the district and located in, and south of the center line of, Old Niagara Road and Cold Springs Road (formerly part of Old Niagara Road) in Niagara County. After a trial the water line was found to be exempt from property tax under section 410 of the Real Property Tax Law and section

272 of the County Law. On appeal, this court, on the authority of *Matter of Onondaga County Water Dist.* v. *Board of Assessors* (55 Misc 2d 481, affd. 30 A D 2d 643, mot. for lv. to app. den. 22 N Y 2d 645) reversed the judgment and remitted the case for a determination whether the water line was located within the water district and, if within the district, whether it was an improvement and therefore exempt from taxation under section 272 of the County Law (31 A D 2d 1004). In *Matter of Onondaga County Water Dist.* v. *Board of Assessors* (*supra*) it was held that the exemption from taxation under section 272 extended only to improvements made by a county water district located *within* the district.

Upon retrial the court, limiting itself to a consideration of the issues of location and character of the water line, concluded that the line was located *outside* the district and therefore ineligible for exemption under section 272 of the County Law, and dismissed the petition. Other grounds for exemption were raised at the trial and were the subject of proof offered there, some of which were also argued on the first appeal in this court. Both parties urge that we now consider these grounds as well and rule on them. Since on the first appeal this court did not reach any question other than the location of the water line, and since we are authorized in a nonjury case to render whatever judgment is dictated by the evidence (*Victor Catering Co.* v. *Nasca*, 8 A D 2d 5; *Hacker* v. *City of New York*, 26 A D 2d 400), we shall determine all the grounds for exemption urged by the water district.

The finding by the Trial Judge that the water line is located outside the district itself is clearly supported by the record. The area of the water district specifically excludes the City of Lockport. There was uncontroverted evidence that the water line is located south of the center line of Cold Springs and Old Niagara Roads and that the Charter of the City of Lockport describes the north boundary of the city as the center line of the Niagara Road. Lying within the city limits, the line is therefore not within the water district. By virtue of this fact it becomes unnecessary to determine the nature of the line; its geographical location makes it ineligible for exemption under section 272 of the County Law.

Appellant's argument that the city has no ownership or proprietary interest in Old Niagara Road is irrelevant; geographical location within the city — not ownership by it — is all that is required to place the water line outside the boundaries of the water district.

No authority has been cited and none has been found to sustain appellant's claim that the water line is tax exempt because it is an incident to public highway use. Sewer lines, which, like water lines, have been classified as for a street and municipal purpose (*Osborne* v. *Auburn Tel. Co.,* 189 N. Y. 393, 396), are not thereby exempt from property taxes. (17 Op. St. Comp., 1961, p. 155.) No statutory authority exists for extending an exemption to water lines by virtue of their character as such.

Appellant also cites no precedent for its assertion that the water line, as a special franchise, is tax exempt. For this contention the district relies on subdivision 17 of section 102 of the Real Property Tax Law which as a definitions section simply defines "special franchise". Moreover, the reference in the subdivision to "purposes of assessment and taxation" raises considerable doubt to the claim of exemption from taxation for special franchises. Finally, subdivision 17 of section 102 expressly excludes property of a special district from the term "special franchise".

The claims of exemption by virtue of section 272 of the County Law, section 410 of the Real Property Tax Law and subdivision 10 of section 120-u of the General Municipal Law are without merit. *Matter of Onondaga County Water Dist.* v. *Board of Assessors* (*supra*) has determined that the first of these statutes creates an exemption only for improvements located within the district. The exemption of section 420 of the Real Property Tax Law for corporations or associations "organized exclusively for the moral or mental improvement of men" is obviously inapplicable to the Niagara County Water District. There is nothing in the record to establish that the water line in question is a pipeline or conduit of an interconnection entitled to exemption under the cited section of the General Municipal Law.

No issue has been raised with respect to the assertion that the portion of the water line which lies on land of the Erie Barge Canal is tax-free. In arriving at the challenged assessment respondents excluded the portion of the line which they found to be so located.

Appellant's final argument for exemption is predicated on two substantially similar agreements executed between the City of Lockport and the water district in the years 1965 and 1969. Basically, the agreements provide for the sale of water by the district to the city, setting forth the amounts, rates and details of such sale, with a statement that the district shall make no other charge, including district taxes, against the city other than the rates stated. Then follows a paragraph: "The City of Lock-

port hereby agrees that it will furnish to the Niagara County Water District filtered water from the facilities of the City's Water System, at such interchange points as shall be established by the parties when and as desired by the County at the same rates as hereinbefore set forth, and shall make no other charge of any kind including taxes. The quantity of water to be sold by the City to the County shall be limited to the amount available over and above that necessary to fulfill the requirements of the City and its consumers.'' In view of the quoted language and its location in the sale agreement, we do not interpret this as a broad exclusion from taxation extending to physical property of the district. Incorporated as it is in the provision for payment for water which the city might sell to the district (a matter subordinate to the primary subject of the agreements— the district sale of water to the city), the disclaimer of taxation logically refers to taxes *incidental to the sale of water by the city*. This follows from the fact that the words of disclaimer amplify the provisions for the sale of water by the city " at the same rates as hereinbefore set forth " and for which the city " shall make no other charge of any kind ". As the Court of Appeals has said in *Matter of City of Lackawanna* v. *Board of Equalization* (16 N Y 2d 222, 230): " If ambiguity or uncertainty occurs, all doubt must be resolved against the exemption.''

Moreover, if, as appellant urges, the agreements are to be construed as exempting the water line from the property tax now in question, they must fail as violative of New York Constitution (art. XVI, § 1) which prohibits contracting away the power of taxation and provides that exemptions may be granted only by general laws. Speaking of this provision, the Court of Appeals said in *Matter of Roosevelt Raceway* v. *Monaghan* (9 N Y 2d 293, 308–309): " A contract for a pre-established limit on tax liability, whether it be considered as conferring ' tax exemption ' or ' tax savings ', or tax relief by any other label, is clearly barred by this sweeping prohibition.'' (see, also, 24 Op. St. Comp., 1968, p. 95). Section 406 of the Real Property Tax Law provides no authority for the claimed exemption; property which may be excluded from taxation by virtue of that section must be owned by a " municipal corporation ", which does not include a water district. (Real Property Tax Law, § 102, subd. 10.)

It appears that appellant has not presented any valid basis for its claim of tax exemption. In this circumstance the water line was properly subjected to local taxation by the City of Lockport. (Real Property Tax Law, § 300.)

We believe, however, that there is merit to appellant's assertion that the amount of assessment does not represent the fair value of the property assessed. Recognizing that there is a presumption that the assessment is correct, and that the burden is on the owner to establish that it does not represent fair value (*People ex rel. Jamaica Water Supply Co.* v. *Tax Comrs.*, 196 N. Y. 39, 53; *People ex rel. Haile* v. *Brundage*, 195 App. Div. 745, 746), we believe that burden has been met. The assessment of $17,500 represents a valuation of 3,720 feet of pipeline at $8.25 per foot, plus valves, heads and hydrants at $3,290 and 10% for engineering, inspection and legal fees, to which was applied an equalization rate of 50%. These figures were provided by the City Assessor, who testified that his footage was computed from a map prepared by the Consulting Engineer for the Water District associated with the construction of the water line. No explanation was offered for the dollar values attached to the line and equipment. The Consulting Engineer who supervised the construction of the water line testified that he had calculated the exact distance of the water line by running a base line with stations and that the distance, less line on canal lands, was 3,120 feet. The total actual over-all construction cost of the line as built in 1959, including 10% contingency for engineering, legal and other purposes, based on the contract price was $6.84 per foot.

Upon this state of the record it seems clear that the assessment of $17,500 does not represent the fair value of the property. No reason has been suggested why the line should be given a per foot value which is substantially above the actual cost of construction some 11 years earlier. Furthermore, the computation of distance by the Consulting Engineer actually working on the job bears a reliability not present in the calculation submitted by the assessor based upon a map prepared by the engineer. The record justifies an assessment of 3,120 feet of taxable water line at $6.84 per foot, to which must be applied an equalization rate of 50%, or an assessment of $10,670.

For the reasons stated, judgment should be entered reversing the dismissal of the petition, decreeing that the water line is located outside the water district and is not exempt from taxation and reducing its assessed value from $17,500 to $10,670.

MARSH, GABRIELLI, MOULE and CARDAMONE, JJ., concur.

Judgment unanimously reversed, on the law and facts, without costs and judgment granted in accordance with the opinion by DEL VECCHIO, J. P.